William McDaniels

*v*.

The People of the State of Illinois.

*Filed at Springfield October 6, 1886.*

Indictment—*for larceny of railroad ticket—allegation of value.*   An indictment may be sustained and a conviction had under section 77 of the Criminal Code, for the larceny or embezzlement of a coupon or other railroad ticket or pass, without averring or proving the value of the same.   The value of such ticket or pass is not a material element in the crime.

Writ of Error to the Circuit Court of De Witt county; the Hon. Lyman Lacey, Judge, presiding.

This was an indictment consisting of two counts, the first count of which, omitting the caption, was substantially as follows:   That William McDaniels and  *  *  *  late of said county, on the 22d day of March, in the year of our Lord, 1886, at and within the county of De Witt, State aforesaid, a certain railroad ticket, (a better description of said railroad ticket being to the grand jurors unknown,) the personal goods of the Illinois Central Railroad Company, incorporated as such railroad company by the laws of the State of Illinois, doing business in said county, then and there being found, did then and there feloniously steal, contrary to the form of the statute in such case made and provided, against the peace and dignity of the same People of the State of Illinois.

The second count was like the first, except that it charged the ticket to be the goods and chattels of one Clyde Antisdel.

The court overruled a general motion to quash the indictment, when the plea of not guilty was pleaded, and a trial had, resulting in a verdict finding the defendant guilty, and fixing his term in the penitentiary at one year.

The defendant entered his motion in arrest of judgment, for the following reasons:   First, because the pretended indict-

ment presented against the defendants by the special grand jury, charges no crime to have been committed by the defendants; second, because the jury has returned a verdict for felony against the defendant, when the evidence, if it proves a crime at all, wholly fails to prove any greater crime than a misdemeanor; third, for other and divers good and sufficient reasons, to be presented and argued upon the hearing of this motion.

The court overruled the motion and rendered judgment upon the verdict, to which ruling the defendant excepted, and brings the record to this court by writ of error, seeking a reversal of the judgment.

Mr. P. T. Sweeney, and Mr. R. A. Lemon, for the plaintiff in error.

Mr. George Hunt, Attorney General, and Mr. Wm. Booth, State's Attorney, for the People.

Mr. Justice Craig delivered the opinion of the Court:

The plaintiff in error, William McDaniels, was indicted under section 77 of the Criminal Code, which provides, that any person who shall steal or embezzle any coupon or other railroad ticket or pass, with the intent, etc., the person so offending shall be punished by imprisonment in the penitentiary for the term of one year. The indictment did not aver that the railroad ticket which was alleged to have been stolen had any value, and upon this ground it is claimed that the indictment was defective, and the court erred in overruling a motion to quash.

In an indictment for larceny at common law, or under sections 167 and 168 of our Criminal Code, it would be necessary to allege in the indictment the value of the property stolen, and on the trial prove the value of the property; but at the same time it was within the power of the legislature to enact

a law which might prevent the stealing or embezzlement of an article which had no value, and impose a penalty upon a person who might violate such law. That was done by the enactment of section 77 of the Criminal Code, and an indictment may be sustained and a conviction had under the section, without averring or proving the value of the coupon, railroad ticket or pass. Indeed, the value is not a material element in the crime. The crime is complete when a person steals or embezzles the coupon, railroad ticket or pass, whether the article be of great or small value, or of no value.

This section, so far as the question here involved is concerned, may be likened to section 172 of the Criminal Code, which provides, that whoever feloniously takes or steals any horse, etc., shall be imprisoned in the penitentiary not less than three nor more than twenty years. In passing upon this statute in *Hoge* v. *The People*, 117 Ill. 35, we held that it was entirely independent of sections 167 and 168 of the same code, and in a prosecution under it a jury was not required to return the value of the stolen property, as is required in an ordinary case of larceny. Section 77, under which this indictment was found, is entirely independent of the other sections of the statute in relation to larceny, and no reason exists for alleging a value in the indictment, or proving value on the trial. The statute creates the offence, and provides one year imprisonment in the penitentiary as a penalty for its violation, and it contains no provision whatever in regard to the value of the article stolen or embezzled.

We think the indictment conformed to the statute, and the motion to quash was properly overruled.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*