WILLIAM R. BROWN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 21, 1898.*

1. CRIMINAL LAW—*act of 1879, for protection of bank depositors, is constitutional.* The act for the protection of bank depositors, approved June 4, 1879, (Laws of 1879, p. 113,) is constitutional and valid. (*Meadowcroft* v. *People*, 163 Ill. 56, followed.)

2. SAME—*under act of 1879 punishment by fine is imperative.* It is imperative, under the act of 1879 for the protection of bank depositors, that the punishment inflicted in cases of conviction shall be double the amount lost to the depositor, while punishment by imprisonment may or may not be inflicted.

3. SAME—*value of thing embezzled must be alleged and proved.* An indictment against a banker for receiving money, checks or other valuable thing when insolvent must allege the value of the thing embezzled, and such allegation must be proved in order to determine the amount of the fine to be imposed as punishment.

4. SAME—*proof of value is ineffectual in the absence of any allegation thereof.* The allegations and proofs must agree, and proof of the value of the thing embezzled is ineffectual in the absence of any allegation of value in the indictment.

5. SAME—*allegation that defendant embezzled a certain sum of "money" is insufficient.* An indictment under the act of 1879, for the protection of bank depositors, charging the defendant with embezzling a certain number of dollars and cents "in money," but without specifying the value thereof or alleging it was current or lawful money of the United States, will not sustain a conviction which, under the law, requires a punishment by fine in double the amount embezzled.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. OLIVER A. HARKER, Judge, presiding.

This was an indictment returned by the grand jury at the November term, 1895, of the circuit court of Massac county, against the defendants below, under the act of 1879, for the protection of bank depositors. Defendants gave bail at the November term, and the cause was continued. At the April term of the Massac circuit court the defendants entered their motion before Hon. A. K.

Vickers, presiding judge, to quash the indictment, which motion was by said judge overruled. The defendants then entered a plea of not guilty, and subsequently the venue was, on petition, changed from Massac to Williamson county, in the circuit court of which latter county the case was at the May term, 1897, tried on the merits before Hon. Oliver A. Harker and a jury, resulting in the conviction of said defendants, who thereupon sued out this writ of error.

W. W. BARR, and W. W. DUNCAN, for plaintiffs in error.

EDWARD C. AKIN, Attorney General, (D. C. HAGLE, C. A. HILL, D. W. HELM, and ANGUS LEEK, of counsel,) for the People.

Per CURIAM: The plaintiffs in error were at the May term, 1897, of the circuit court of Williamson county, adjudged guilty of embezzlement under the act approved June 4, 1879, entitled "An act for the protection of bank depositors," and condemned to pay a fine of $410 and to be imprisoned in the penitentiary for the term of one year. The provision of the statute under which the conviction was had is as follows: "That if any banker or broker, or person or persons doing a banking business, or any officer of any banking company or incorporated bank doing business in this State, shall receive from any person or persons, firm, company or corporation, or from any agent thereof, not indebted to said banker, broker, banking company or incorporated bank, any money, check, draft, bill of exchange, stocks, bonds or other valuable thing which is transferable by delivery, when, at the time of receiving such deposit, said banker, broker, banking company or incorporated bank is insolvent, whereby the deposit so made shall be lost to the depositor, said banker, broker or officer so receiving such deposit shall be deemed guilty of embezzlement, and upon conviction thereof shall be

fined in a sum double the amount of the sum so embezzled and fraudulently taken, and in addition thereto may be imprisoned in the State penitentiary not less than one or more than three years. The failure, suspension or involuntary liquidation of the banker, broker, banking company or incorporated bank within thirty days from and after the time of receiving such deposit shall be *prima facie* evidence of an intent to defraud on the part of such banker, broker or officer of such banking company or incorporated bank."

This statute was held to be constitutional and a valid act by this court in *Meadowcroft* v. *People*, 163 Ill. 56, and, indeed, many of the questions raised by counsel in their able and elaborate arguments were in that case decided adversely to the contentions here made on behalf of these plaintiffs in error.

In the case at bar it is urged that there was error in the refusal of the court to quash the indictment. It will be sufficient here to notice only the second count, which is the least objectionable of the two. It was in substance as follows: "That the said William R. Brown and William P. Bruner, late, etc., on the 25th day of May, A. D. 1895, at, etc., then and there doing a banking business, did then and there unlawfully, fraudulently and feloniously receive on deposit from one William H. Kraper the sum of $380.50 in money, the said William H. Kraper not then and there being indebted to the said William R. Brown and William P. Bruner. The said William R. Brown and William P. Bruner, at the time of receiving the said deposit, the said sum of $380.50 in money, were insolvent, whereby the said deposit, the said sum of $380.50 in money, was lost to the said William H. Kraper, depositor, contrary," etc. The principal objection urged to this count is, that it neither gives any description of the money embezzled nor states its value.

In indictments for larceny, or for embezzlement constituting larceny under the statute and punished as such,

it is necessary, as counsel for the People concede, to allege and prove the value of the property, but they insist that this indictment is for a statutory offense; that the value of the property does not affect either the character or mode of punishment, and that it is sufficient to state the offense in the language of the statute creating it. It will be noticed, however, that the statute contemplates that the thing embezzled shall be a thing of value. The language is: "That if any banker * * * shall receive," under the circumstances mentioned, "any money, check, draft, bill of exchange, stocks, bonds, or other valuable thing which is transferable by delivery, * * * he shall be fined in a sum double the amount of the sum so embezzled, * * * and in addition thereto may be imprisoned," etc. While it cannot be said that the character or mode of punishment is determined by the value of the property embezzled, (*Meadowcroft* v. *People*, 163 Ill. 56,) the extent of the punishment, so far as the fine is concerned, is so determined. If there is no proof of value, how could the amount of the·fine be arrived at? And if there is no allegation of value, of what avail is the proof? The allegations and proofs must correspond, and proofs without allegations are as ineffectual as allegations without proofs. The statute is imperative that a fine shall be imposed in double the amount embezzled, while the punishment by imprisonment may or may not be inflicted. In this case both were inflicted; and even if it could be said that an allegation of the value of the thing embezzled was not necessary to admit proof sufficient to sustain the punishment by imprisonment, still the allegation of value was necessary to make a good indictment to support the judgment for the fine, unless, indeed, the mere statement in the indictment that the accused received "$380.50 in money" is a statement or allegation of the value of what was so received. Had the deposit been a check, draft, bill of exchange "or other valuable thing transferable by delivery," it would certainly have been

necessary to allege and prove its value before the only
imperative punishment prescribed by the statute could
be imposed.   The contrary was not decided by this court
in *Meadowcroft* v. *People, supra,* as counsel for the People
seem to contend.   The indictment in that case did state
the value, and it was sustained by the evidence, but it
was held that the judgment would not be reversed be-
cause the jury did not find such value by their verdict,
and where it appeared that the fine they assessed was
much less than the evidence showed the value of the
property to have been.   It was there said the defendants
were not injured by the failure to find the value of the
property.   True, it was held that the rule requiring the
jury to find the value of the property stolen, in cases of
larceny, would not be extended to cases not within the
reason of the rule; but it was not said or intimated that
the indictment need not contain an allegation of value.
Indeed, it was there said, where there was such an alle-
gation, that the indictment was in the terms and language
of the statute, and it was also said that "it is important
the exact amount of the deposit lost to the depositor
shall be definitely ascertained, for the statute expressly
provides that the fine imposed in case of conviction shall
be a sum double the amount of the sum so embezzled and
fraudulently taken."

*McDaniels* v. *People,* 118 Ill. 301, is not in conflict with
the views we have expressed, for, as there held, the stat-
ute made the crime of embezzlement of a railroad ticket
complete, and prescribed the punishment without regard
to the value of the ticket.   So in many other cases men-
tioned by counsel.   So far as *Murphy* v. *People,* 19 Ill. App.
125, mentioned by counsel for the People, may affect the
question, it appears that the objection there urged to the
indictment was, that there was no allegation of a fraud-
ulent intent or knowledge of his insolvency on the part
of the defendant.   It does not appear from the case as
reported that the question here involved was raised at

all. It was held in *Clark* v. *People*, 1 Scam. 117, that where, in cases of arson, the statute imposed a fine equal to the value of the property burned, as a part of the punishment, an indictment which failed to state the value was defective and should have been quashed.

Nor is it a sufficient statement of value to allege that the property embezzled was so many dollars in money. In the case at bar the money was not alleged to be current or lawful money of the United States, but only that it was money. Proof that the money was Mexican dollars would have sustained the indictment, yet it would not have been sufficient proof of value to enable the jury to fix the fine. The proof was, in fact, that it was current money of the United States; but such proof could not aid the defect in the indictment, nor, of course, cure the error of the court in refusing to quash the indictment. The authorities are nearly uniform that where any part of the punishment depends on the value of the property such value should be alleged in the indictment, and the allegation that it was a certain number of dollars in money is not sufficient. 1 Bishop on Crim. Proc. (3d ed.) 338; Wharton on Crim. Pl. & Pr. secs. 213-218; *Bork* v. *People*, 16 Hun, 476; *Reside* v. *State*, 10 Tex. App. 675; *Grant* v. *State*, 35 Fla. 581; *State* v. *Thompson*, 42 Ark. 517; *State* v. *Denton*, 74 Md. 517; *People* v. *Donald*, 48 Mich. 491.

The cases cited by counsel for the People do not sustain their contention that the indictment is sufficient. They cite *Goodhue* v. *People*, 94 Ill. 37, but it clearly appears that in that case the value of the money was alleged in the indictment. And in *Gage* v. *State*, 83 Ala. 51, where the allegation was that the money was "currency of the United States of America," it was held that this was a sufficient averment of value.

What we have said is not in conflict with what was said in *Keating* v. *People*, 160 Ill. 480, where there was a conviction for larceny. The indictment in that case, as the record shows, was in the usual form, not only in de-

scribing the kinds of money stolen, but in alleging its value, and the question was raised whether or not the proof supported the allegations of the indictment describing the money stolen. But in the case at bar, while, if value had been charged, no more specific description of the money would have been necessary, yet it must be observed that there is no allegation in the indictment which would correspond with the proof adjudged sufficient in the *Keating case.* So, also, in *Commonwealth* v. *Rockafellow,* 163 Pa. St. 139, the indictment charged that the money embezzled was lawful money of the United States, stating the amount. True, as contended on behalf of the People, the alleged offense is the creature of the statute, and under our statute it should be sufficient to state the offense in the terms and language of the statute creating the offense; but the statute creating this offense, unlike section 77 mentioned in *McDaniels* v. *People, supra,* contemplates the ascertainment of the value of the property embezzled.

The judgment is erroneous and must be reversed and the cause remanded, with directions to quash the indictment and to discharge the defendants therein.

*Reversed and remanded.*