[No. 4379.]

## SCHNEIDER V. THE PEOPLE.

**1. Informations and Indictments—Language of Statute.**

As a general rule, an information or indictment which charges an offense in the language of the statute is sufficient. But if the statute does not sufficiently set out the facts which constitute the offense so that the defendant may have notice of what he is charged, or if the words of the statute by their generality embrace cases which fall within the terms but not within the spirit or meaning of the statute, then a more particular statement of facts is necessary, and the specific facts to bring the defendant precisely within the inhibition of the law must be alleged.

**2. Same—Water Rights—Refusal of Ditch Owner to Deliver Water.**

In a prosecution under section 2306 Mills' Ann. Stats., of the owner or person in control of a ditch, for refusing to supply water to a person entitled to the same after demand and tender of the lawful rate of compensation, an information which charges the offense in the language of the statute is insufficient. It is necessary that the information should show that the applicant for the water is of the class of persons entitled to demand of and receive from the ditch owner the water upon compliance by him with the terms of the statute, and it must designate the land for which the water was demanded as being so situate that it is the duty of the ditch to furnish water for its irrigation, and so that the ditch owner might ascertain its location and deliver the water.

*Error to the County Court of Logan County.*

Mr. H. N. HAYNES, for plaintiff in error.

Mr. C. C. Post, attorney general, Mr. James D. Merwin, Mr. C. A. Roberts and Mr. George M. Post, assistants attorney general, for the people.

Chife Justice Campbell delivered the opinion of the court.

The information, consisting of two counts charging, in varying language, the same offense, is based on the third section of an act of the sixth general assembly, commonly called the anti-royalty act.—Session Laws 1887, 308; 1 Mills' Ann. Stats., sec. 2306. Upon the trial, which, by agreement, was before the court without a jury, the defendant was adjudged guilty under the second count, upon which the prosecution elected to proceed, and sentenced to pay a fine of one hundred dollars, the minimum amount of the penalty fixed by the statute.   A number of rulings of the trial court have been assigned for error and argued by counsel, but as we are of opinion that the second count of the information is bad, the present discussion will be devoted to a consideration of the objections urged against it.

The first section of the act makes it unlawful for any person owning or controlling an irrigating ditch carrying water from any natural stream to be furnished or delivered for compensation for irrigation to persons not interested in such ownership or control, to demand or receive any *bonus* or premium as a prerequisite or condition precedent to the right or privilege of applying for or procuring such water by such non-interested person.   Section 3 provides in substance that every person owning or controlling such ditch who, after demand in writing made upon him by such non-interested person for the supply or delivery of water for irrigation and after tender of the lawful rate of compensation therefor in lawful money as fixed by the board of county commissioners, refuses to

furnish or deliver from such ditch the water applied for, when it can or may be by use of reasonable diligence in that behalf and within the carrying capacity of the ditch lawfully furnished and delivered without infringement of prior right, shall be deemed guilty of a misdemeanor.

Omitting the formal part, the second count in substance charges that the defendant, being the president of The Schneider Ditch Company which owns and controls an irrigating ditch carrying water from the South Platte river, a natural stream in Logan county, to be furnished and delivered for compensation for irrigation to persons not interested in such ownership or control, and charging a water rate for water furnished to persons who are interested, a demand in writing being then and there made by one C. A. Sluys upon the ditch company through its president for the delivery of water for irrigation through its said ditch for irrigating from said ditch six acres of land he (the said Sluys), then and there tendering to the said company through its said president the amount of the lawful rate of compensation therefor as theretofore fixed by the board of county commissioners of Logan county, and he, the said Schneider, as said officer, after such demand and tender unlawfully refused to deliver the water demanded which could then and there by the use of reasonable diligence in that behalf and within the carrying capacity of the ditch be lawfully furnished and delivered to the applicant without infringement of the prior rights of others to the water from the ditch.

Section 1432, Mills' Ann. Stats., declares that every indictment or accusation of a grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the criminal code, and by another statute this section applies to an information. In *Cohen v. The People*, 7

Colo., 274, it was held that an indictment for a statutory offense which charges the same in the language of the statute is sufficient. Such is unquestionably the general rule, as will appear from the text books and cyclopedias and the numerous cases which they cite in its support.—1 Bishop on Criminal Procedure, § 611; 10, Am. & Eng. Enc. Pl. & Pr., 483 *et seq.* Cases illustrating this rule are *Loehr v. The People,* 132 Ill., 504; *People v. West,* 106 N. Y., 293. It is upon this doctrine that the people relies.

Like all general rules, this one has well recognized exceptions. One of them is that it sometimes becomes necessary in an information or indictment to expand the allegation beyond the statutory words. 1 Bishop on Criminal Procedure, §§ 623-626, *et seq.* The exception has been well stated by the editor in the citation from the 10 Enc. Pl. & Pr., above made, wherein it is said that this rule, among other things, depends upon the manner in which the offense is defined in the statute; because if the statute does not sufficiently set out the facts which constitute the offense so that the defendant may have notice with what he is charged, then a more particular statement of facts is necessary; and where the words of a statute by their generality embrace cases which fall within the terms, but not within the spirit or meaning, of the statute, the specific facts must be alleged to bring the defendant precisely within the inhibition of the law; otherwise the accused would be denied his constitutional right to demand the nature and cause of the accusation against him.—*Commonwealth v. Slack,* 19 Pick., 304, 307; *State v. Bierce,* 27 Conn., 318; *Stropes v. State,* 120 Ind., 562.

Mr. Bishop, at § 628 (3d ed.), vol. 1 of his work on Criminal Procedure, thus states the principle: "If, as is not uncommon, the court by construction restricts a statute to a narrower application than its gen-

eral words would indicate, an indictment on it in the statutory words will be ill; it must follow the court's narrower construction." Chief Justice Marshall, in the case of *The Mary Ann*, 8 Wheat., 380, in speaking of an information says: "If the words which describe the subject of the law are general, embracing a whole class of individuals, but must necessarily be so construed as to embrace only a subdivision of that class, we think the charge in the libel ought to conform to the true sense and meaning of those words as used by the legislature." Curtis, Justice, in *United States v. Pond*, 2 Curt. C. C., 265, 268, says: "This indictment follows the words of the statute. It is sufficient, therefore, unless the words of the statute embrace cases which it was not the intention of the legislature to include within the law."

Under this exception defendant contends that the information is fatally defective. The particulars wherein it is claimed to be so are that the status or relation of the prosecuting witness Sluys with reference to defendant's ditch is not set forth, nor is it averred that he owns, or is in possession of, land under the ditch needing water for irrigation, or that he has any right to demand or receive, or that the ditch company is under any obligation to furnish, water from the ditch for, or that defendant had crops which need, irrigation. It is further said that there is no description or location of the six acres of land named in the information, whether it lay under the ditch, or could be irrigated with water from it.

The words of the statute designating the persons, or class of persons, entitled to demand and receive water, are comprehensive enough to include all persons whomsoever, whether they own or are in possession of land lying under and susceptible of being irrigated from the ditch, or have any right to the use of water carried by it, or whether the lands are so remote

32

or so situate with reference to the ditch as not to be susceptible of irrigation by that method. And the statute, literally interpreted, requires the ditch owner to deliver water, under the conditions named, to every non-interested person, regardless of the consideration whether the latter is legally entitled to demand it.

The general assembly had no such intention. It is a familiar rule that statutes in *pari materia* are to be construed together. Under such statutes, now and at the time of the passage of the act in question in force, and under the decisions of this court, the owner of such a ditch as is described in the act we are considering is aptly called a common carrier, and the carrier's diversion from the natural stream must unite with the consumer's use in order that there may be a complete appropriation within the meaning of the fundamental law when the consumer himself makes no diversion from the natural stream. A perfected appropriation, therefore, is the result of the combined act of the carrier—which consists in the taking or carrying away of the water from the channel of the stream—and the successful and actual application of water to the soil by the consumer. It is also the established doctrine in this state that water may not be diverted from a natural stream unless the right to its beneficial use has been acquired, and at the time is so needed. It could not, therefore, have been within the purview of this act that a ditch owner was under obligation to furnish water to all persons who might apply for it. On the contrary, its evident purpose was to protect against extortion persons who owned or were in possession of lands lying under such ditches, or who were lawfully entitled to receive water therefrom upon tender or payment of a fixed compensation, and to whom the ditch company is under a reciprocal obligation to furnish it. In other words, the class of persons for whose benefit

and for whose protection the act was passed is smaller than the generality of the words used literally includes. The construction of the act, therefore, must be narrower than these words indicate.

This being true, in order to bring a case within the section upon which this count is founded, it is necessary that, *inter alia,* the information should show that the applicant for the water is of the class of persons entitled to invoke the protection of the statute; that is, to demand of the ditch owner and receive from him the water upon compliance by him with the terms of the statute. It was also necessary that the pleading should designate the land for which the water was demanded as being so situate that the duty of the ditch to furnish water for its irrigation is made to appear and that the company might ascertain its location so as to deliver the water. Even a casual examination of the information as hereinbefore set forth shows that it does not in these respects bring the defendant within the inhibition of the act.

These specific objections were made by the defendant in a motion to quash, and that motion should have been sustained. It follows, therefore, that the judgment of conviction cannot stand. The judgment is reversed and the cause remanded with instructions to the county court to sustain the motion to quash and dismiss the action.

*Reversed.*

Mr. Justice Steele dissents.