## The People of the State of Illinois, Defendant in · Error, v. Lloyd McGinnis, Plaintiff in Error.

1. CHATTEL MORTGAGES, § 237*—*when information insufficient to charge crime.* An information for a violation of the Chattel Mortgage Act, sec. 7, ch. 95, Rev. St. (J. & A. ¶ 7582), providing that any person having conveyed any personal property who shall, during the existence of such title or lien, sell such property without the written consent of the holder of "such incumbrance" shall be guilty of a misdemeanor, etc., was fatally defective, which failed to allege the existence of any mortgage, or conveyance having the effect of a mortgage, made pursuant to the Chattel Mortgage Act of this State, covering the property which defendant was charged to have sold in violation of said section.

2. CHATTEL MORTGAGES, § 237*—*when information is defective.* Under the rule that where the punishment that may be inflicted is limited to the value of the property sold it is necessary to aver and prove what such value is, an information for violating section 7 of the Chattel Mortgage Act, ch. 95, Rev. St. (J. & A. ¶ 7582), making the sale of property covered by a chattel mortgage without the consent of the mortgagee a misdemeanor, was fatally defective which contained no averment that the property which defendant was charged with having sold had any value whatever.

3. CHATTEL MORTGAGES, § 238*—*when conviction is improper.* A conviction under an information for violating section 7 of the Chattel Mortgage Act, ch. 95, Rev. St. (J. & A. ¶ 7582), providing that any person having conveyed property who shall, during the existence of such title, sell such property without the written consent of the holder of such incumbrance shall be guilty of a misdemeanor, was improper,. where the proof showed beyond dispute that the property for the sale of which defendant was convicted was not in the State when the so-called chattel mortgage was made and could therefore not have been the property covered by the mortgage described in the information.

4. CHATTEL MORTGAGES, § 236*—*when criminal liability arises.* Section 7 of the Chattel Mortgage Act, ch. 95, Rev. St. (J. & A. ¶ 7582), making it a misdemeanor to convey personal property incumbered by chattel mortgage, without the consent of the holder of the incumbrance, applies only when the property in question is mortgaged pursuant to the provisions of our Chattel Mortgage Act.

Error to the County Court of Fulton county; the Hon. HOBART S. BOYD, Judge, presiding. Heard in this court at the April term, 1920. Reversed. Opinion filed October 27, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fred H. Snyder and A. E. Taff, for plaintiff in error.

Reed F. Cutler and Chiperfield & Chiperfield, for defendant in error.

Mr. Justice Graves delivered the opinion of the court.

The State's Attorney of Fulton county filed in the county court of that county an information in which he attempted to charge plaintiff in error with having violated the provisions of section 7 of chapter 95, Rev. St., commonly known as the Chattel Mortgage Act (J. & A. ¶ 7582). Plaintiff in error was arrested, tried and convicted and was sentenced to pay a fine of $1,000 and be confined in the county jail for a period of 60 days. He prosecutes this writ of error to reverse that judgment.

Section 7 of chapter 95, Rev. St., is a penal statute and must be strictly construed. The manifest purpose and intent of the legislature in passing it, as expressed by the language employed in it, cannot be broadened by implication. The Chattel Mortgage Act in the sections preceding section 7 provides what shall constitute a chattel mortgage and how it shall be made, acknowledged and recorded; then section 7 provides that:

"Any person having *so conveyed* any personal property who shall, during the existence of *such title or lien,* sell   *   *   *   such property   *   *   *   without the written consent of the holder of *such incumbrance,* shall be guilty of a misdemeanor, and on conviction may be fined in a sum not exceeding twice the value of the property so sold or disposed of, or confined in the county jail not exceeding one year, or both, at the discretion of the court."

Under that section it is only when the property in question is mortgaged pursuant to the provisions of our Chattel Mortgage Act that its sale without the consent in writing of the mortgagee is made a misde-

meanor. The words in that section which are printed above in italics, "so conveyed," "such title or lien" and "such incumbrance," clearly have reference to the conveyance, title and incumbrance provided for by the previous sections of the Chattel Mortgage Act.

The State's Attorney in the information has not alleged the existence of any mortgage, or conveyance having the effect of a mortgage, covering the property which defendant is charged to have sold in violation of said section 7 that he even pretends was made pursuant to the Chattel Mortgage Act of this State. Without such an averment no crime or misdemeanor is charged and without proof of such fact no crime or misdemeanor is shown to have been committed.

Among the penalties provided by said section 7 is a fine not to exceed twice the value of the property sold. There is no averment in the information that the property which plaintiff in error is charged with having sold had any value whatever, or, if so, what that value was. Where the punishment that may be inflicted is limited by the value of the property sold, it is necessary to aver and prove what such value is. *Brown v. People,* 173 Ill. 34.

The information charges that the mortgage relied on to deprive plaintiff in error of the right to sell the property in question was made on July 26, 1917, and that the property covered by it was then in Fulton county, Illinois. The proof shows beyond dispute that the property for the sale of which plaintiff in error was convicted was not in Fulton county, nor in the State of Illinois when the so-called mortgage was made, nor until August 3, 1917, and therefore cannot be the property that was covered by the mortgage described in the information. The verdict is therefore manifestly contrary to the evidence.

Because the information does not charge plaintiff in error with the commission of acts that amount to a violation of section 7 of the Chattel Mortgage Act of

this State, and the proof does not show the commission by him of any such acts, the judgment of the trial court is reversed.

*Judgment reversed.*