### The People of the State of Illinois, Defendant in Error, v. Edward Kamm, Plaintiff in Error.

#### Gen. No. 30,858.

CRIMINAL PROCEDURE—*indictment for attempted burglary with intent to steal goods, etc., value not alleged, as basis for conviction of attempted larceny of goods of certain value.* A conviction of attempted petit larceny of property of the value of $14 is void where resulting from a trial without a jury upon a plea of not guilty to an indictment charging attempted burglary as defined in Cahill's St. ch. 38, ¶ 66, with intent to steal goods, etc., but containing no allegation as to the value of such goods, notwithstanding the defendant waived a jury following the waiver by the People of the felony charge.

Error by defendant to the Criminal Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed October 5, 1926.

EUGENE MCCAFFREY, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, EDWARD E. WILSON and CLARENCE E. NELSON, Assistant State's Attorneys, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ brings up for review the conviction of plaintiff in error of "attempted petit larceny, value of property $14 upon the indictment."

The indictment charges plaintiff in error with attempted burglary as defined in section 37 of our Criminal Code [Cahill's St. ch. 38, ¶ 66]. The intent necessary to the commission of that offense as specified in the indictment is to steal, etc., the personal goods, etc., of a certain corporation. There is no allegation therein of the value of the goods.

Upon the assumption that the crime thus charged includes the misdemeanor of which plaintiff in error was convicted, the court, as recited in the judgment order, permitted a waiver of the felony by the state's attorney, and a waiver of jury by plaintiff in error. The cause was then submitted for trial without a jury on the plea of "attempted petit larceny," resulting in the conviction, as aforesaid.

But the indictment charges the single offense of attempted burglary, which being a felony under the statute cannot be tried on a plea of not guilty without a jury. (*Harris v. People*, 128 Ill. 585.) Even if the act described includes an attempt to steal, without an allegation of the value of the property there would be no valid charge of such an offense. An indictment for larceny is not valid without an allegation of the value of the property stolen (*Brown v. People*, 173 Ill. 34, and *People v. Silbertrust*, 236 Ill. 144), and as an indictment for an attempted crime must adequately describe the crime attempted, an allegation of value would also seem requisite to a valid charge of attempted larceny.

But while value is an essential element of larceny, committed or attempted, it is not an element of burglary or attempted burglary. Nor is larceny a necessary element of burglary. It is only one of various objects of burglary that may characterize the intent necessary to a commission of the offense. It is the

breaking and entering the building with intent to steal and not the attempt to steal that is the essential element of the offense here charged. The theory that from that intent there may be inferred an intention to steal something of value will not justify a conviction without an allegation of value.

Cases cited by counsel for the People where there was an express charge of a lesser offense, either in the same count or another count of the indictment, or where from the very nature of the offense the charge thereof necessarily includes a minor one, are not in point.

The crime charged being a felony, and the indictment not including the offense of which plaintiff in error was convicted, and trial having been had without a jury, the judgment is void and must be reversed. The cause will be remanded for a legal disposition of the case.

*Reversed and remanded.*