No. 15,458.

PEOPLE *v.* WARNER
(151 P. [2d] 975)

Decided September 18, 1944.

Mr. JAMES T. BURKE, Mr. DAVID ROSNER, for plaintiff in error.

Mr. OMAR E. GARWOOD, Messrs. DICKERSON, MORRISSEY, BROMLEY & ZARLENGO, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

Two indictments for embezzlement, charging similar violations of the same statute, were filed against defendant in error, hereinafter referred to as Warner. His motion to quash each, for the same reasons, was sustained. The district attorney, duly authorized thereto by statute, brings the cause here to review the judgment thereupon accordingly entered.

The statute provides a penalty of one to ten years imprisonment for a public servant who, feloniously or fraudulently, appropriates to his own use the property of any county "of whatever description it may be." No value is mentioned. '35 C.S.A., vol. 2, c. 48, §100. One indictment charges that Warner, "on or about January 23, 1943," being such servant and having in his possession lumber belonging to the county, converted thereof

to his own use "lumber for building barn doors." The other charges that the property, similarly held and converted, was "lumber for building a horse trailer," and the date fixed is "during the year 1942, the exact date to the grand jury unknown."

The motion to quash contains eighteen paragraphs. Disregarding repetitions and arguments it simply alleges that the indictments are indefinite, ambiguous and duplicitous. The six assignments amount to nothing more than an assertion that they were not vulnerable to the motion and that the court erred in so holding.

The trial court, so far as disclosed by the abstract, based its ruling solely on the ground of no allegation of value. Counsel for Warner do not attempt to support the ruling on that ground. They admit the general rule that a charge in the language of the statute, as was the case here, is good, but point out that there are recognized exceptions thereto and contend that one of these is here present. Their argument runs thus: "Lumber" is a general term, including everything in the world of wood, from soft pine to mahogany, from shingles to 4 by 8 inch timbers, and from "roofing" to "quarter-round." Hence, they say, in substance, a charge of embezzling "lumber," without designation of the kind, amount, condition, purpose or price, does not comply with the rule that one charged must not only be so definitely apprised of the exact nature of the accusation as to adequately prepare and present his defense, but, convicted or acquitted, protect himself from further prosecution for the same offense, or double jeopardy, as guaranteed by section 18 of article II of our Constitution. In this they are quite correct, and where something more than the words of the statute are essential to give a defendant that information and afford him that protection, an exception to the general rule arises and that something must be added. *Schneider v. People,* 30 Colo. 493, 71 Pac. 369. We need not therefore here discuss or cite additional authorities to support this propo-

sition. They are unanimous. However, the argument fails because it ignores the facts, and the authorities are not in point because inapplicable thereto. These are not simple charges of embezzling lumber, as counsel seem to assume. They specify purpose and use so definitely as to reasonably fix quality, quantity, value and dimensions. One recites lumber "for building barn doors" and the other lumber "for building a horse trailer." These terms exclude any theory of a few sticks or a car load, of shingles or bridge timbers, and can scarcely be stretched to cover ironwood, rose-wood, or mahogany. This is not quite so definite as "used by him to make one dozen base ball bats" or "four bobsled runners" would be, but at least it identifies the lumber allegedly embezzled by designating the specific use to which defendant put it. Under this charge he could scarcely be convicted of the embezzlement of flooring for a hotel, or tried again for the same offense under a charge of embezzlement of lumber to build a railroad bridge. The general rule is that the required particularity of description of property embezzled is the same as in case of property stolen. If, however, the court can determine from the indictment that the property therein mentioned is covered by the statute and the jury can determine that it is the property identified by the evidence, no more is mandatory. Joyce on Indictments (2d ed.), p. 483, §424; *United States v. Jones,* 69 Fed. 973,982. Certainly the description here in question is as definite as "fifteen head of beef cattle worth $20.00 per head." *Sanders v. State,* 86 Ga. 717, 12 S. E. 1058.

█ While in certain cases an allegation of value may aid identification, it is not essential where, as here, the punishment prescribed by statute is fixed irrespective thereof. All the authorities are to that effect. *McDaniels v. People,* 118 Ill. 301, 8 N. E. 687.

In similar cases there is always room for argument, but on the whole we are of the opinion that here a more specific description of the property in question was un-

necessary, either to enable defendant to prepare and present his defense or protect him from the danger of double jeopardy.

The judgment is reversed with directions to overrule the motion to quash and proceed in harmony herewith.

Mr. Chief Justice Young, Mr. Justice Hilliard and Mr. Justice Jackson concur.