Thomson, J.,
delivered the opinion of the court.
The plaintiff in error was tried and convicted upon the following indictment: “That John Doe, whose true name and a description of whose person is to the said grand jurors unknown, late of the county of Arapahoe aforesaid, on, to wit, the twenty-sixth day of April, in the year of our Lord, one thousand eight hundred and ninety-five, in the county of Arapahoe aforesaid, in the state of Colorado, in and upon one Katie Hebard, in the peace of the people then and there being, feloniously and violently did make an assault, and her, the said Katie Hebard, in bodily fear and danger of her *525 life then and there feloniously did put and place, and one breastpin with diamond setting of the value of five hundred dollars, and one pair of earrings with diamond setting, of the value of three hundred and fifty dollars, of the goods and chattels of the said Katie Hebard, from the person and against the will of the said Katie Hebard, then and there feloniously and violently, by force and intimidation, did rob, seize, steal, take and carry away; and that Lawrence Farrell, upon the day and year aforesaid, and during the commission of the said offense in manner and form aforesaid, at the county of Arapahoe aforesaid, unlawfully and feloniously did then and there stand by without interfering and without giving such help as was then and there in his power to prevent said crime of robbery from being committed; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Colorado.”
The indictment was framed upon the following statutory provision: “ An accessory during the fact is a person who stands by, without interfering or giving such help as may be in his or her power to prevent a criminal offense from being committed.” Sec. 701, Gen. Stats.
The sufficiency of the indictment is called in question. It will be observed that the charge against the defendant is in the exact language of the statute. Where the statute specifies the act or acts constituting the offense, it is sufficient generally, as to such act or acts, to follow the language of the statute; but where the acts constituting the offense are not described by the statute, they must be set forth specifically. Johnson v. The People, 113 Ill. 99.
The offense in this case, if any was committed, consisted, not of doing an act, but in the omission to do some act. The statute does not specify what the act or acts are the failure to do which makes the person failing an accessory during the fact. The offense, as it is defined, consists in standing by, without interfering or giving such help as may be in the power of the person charged, to prevent a crime from being *526 committed. Language could not well be more indefinite. It might be in one’s power to prevent the commission of some particular crime, but he might succeed at the cost of his own life. He might be ready and willing to interfere, but fail to do so because he has reason to believe that he could not act without exposing himself to danger. The law does not require him to hazard his personal safety. If he does what he can, without endangering himself, he is guiltless.
The indictment, in merely stating that the defendant, upon the occasion of the robbery, stood by without interfering and without giving such help as was then and there in his power to prevent the commission of the crime, does not charge an offense. He might have possessed power to do something which, under the attendant circumstances, the law would not require him to exercise. The indictment should show what it was in his power to do without placing himself in peril. It should set forth what act he failed to do which he might have safely done. The general and comprehensive language of the charge gave the defendant no information of whait case against him the prosecution expected to establish by proof; and in preparing his defense, he had nothing but conjecture to guide him. It is not the form merely of the indictment that is objectionable. The paper is substantially and radically defective, and the failure to take the objection before trial did not waive the defects.
There are other palpable errors in the record, but it is unnecessary to notice them. The insufficiency of the indictment is fatal to the case, and the judgment is reversed.

Reversed.