## No. 10,605.

### SCHRAEDER *v.* THE PEOPLE.

Decided May 7, 1923. Rehearing denied June 4, 1923.

Plaintiff in error, a sheriff, was convicted of malfeasance in office.

### *Reversed.*

1. CRIMINAL LAW—*Information—Allegations.* Where the statute specifies the act or acts constituting the offense, it is sufficient, generally, to follow the language of the statute in the information; but where the acts constituting the offense are not described by the statute, or where the proper construction restricts the statute to a narrower application than its general words indicate, an indictment merely in the statutory words is insufficient.

2. *Information—Sufficiency.* The sufficiency of an indictment is not to be determined from the evidence, but from the allegations of the information.

*Error to the District Court of Lake County, Hon. Francis E. Bouck, Judge.*

Messrs. EWING, ARNOLD & FREEMAN, Mr. PAUL W.

CRAWFORD, Mr. QUENTIN D. BONNER, for plaintiff in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. OLIVER DEAN, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

APRIL 12, 1922, the District Attorney of Lake county filed an information in the district court of that county, against Harry Schraeder, the duly elected and qualified sheriff of the county, in which it is alleged that on July 12, 1921, at and in Lake county the defendant "extorsively" charged and received of and from one Chris Uponovitch the sum of $200.00 in money for omitting and delaying to serve and execute a warrant issued by a justice of the peace. The jury found the defendant guilty as charged, and the court, after overruling his motions for a new trial and in arrest of judgment, sentenced him to pay a fine of $100.00, and further adjudged that he had forfeited his office as sheriff, and declared the same vacant and disqualified him from holding a like office of responsibility and trust in this State for a period of two years from the date of his conviction. The defendant has brought the judgment here for review by a writ of error.

The grounds relied upon for reversal are: 1. The information does not state a crime. 2. No crime or criminal intent proved. 3. The crime, if any, was committed not in Lake county, but in Chaffee county, Colorado. 4. The sentence declaring the office vacant was improper in this criminal action. The last three grounds will not be discussed or considered, for it is entirely clear that the information is fatally defective.

1. The information, in substance, states that the defendant, as sheriff, charged and received of and from Chris Uponovitch $200.00 in money for omitting to serve a warrant upon him, which warrant is set out *in extenso,* such service and execution "being one of the duties appertain-

ing to the office of said Harry Schraeder as sheriff."

This Court has held in a number of cases that where the statute specifies the act or acts constituting the offense, it is sufficient generally, as to such act or acts, to follow the language of the statute. It is equally well settled that where the acts constituting the offense are not described by the statute, or where the proper construction restricts a statute to a narrower application than its general words indicate, an indictment merely in the statutory words is insufficient. In this information there is no averment, indeed there is not even a recital, that the warrant in question was ever given to the defendant by the justice of the peace who issued it, or by any one else, for service, or that it ever came into his possession. It is true that it is one of the duties appertaining to the office of a sheriff to serve and execute a warrant charging a criminal offense. This duty, however, is not an absolute one, and it is contingent, at least, until a warrant has been delivered or given to him, by, or under, the authority of the magistrate who issued it. When so delivered by the magistrate and received by the sheriff, the duty becomes absolute. A mere recital in an information that the service of a criminal warrant is a duty appertaining to the office of a sheriff does not make the indictment good. There must be an averment—not a mere recital—to that effect. There must also be an averment in the information, which there is not in this case, that such warrant came into defendant's possession, or was delivered to him for execution by the proper authority. It would be contrary to reason and authority to hold that a sheriff could be adjudged guilty of a statutory offense of charging and receiving money for omitting to serve a warrant issued by a magistrate when the warrant was never in his possession. It is no answer to say that the evidence showed that the warrant was delivered to the sheriff. The insufficiency of the indictment is not to be determined from the evidence, but from the allegations in the information, and there is an entire absence of statement or recital of these

essential facts that the warrant in question was delivered to, or received by, the defendant, and that its execution was one of the duties of his office. Supporting this conclusion are our own cases. *Sarkisian v. People*, 56 Colo. 330, 138 Pac. 26; *Schneider v. People*, 30 Colo. 493, 496, 71 Pac. 369; Vol. 2, Bishop's New Crim. Proced., (2d ed.), Secs. 612, 624, 628.

Vol. 1, Bishop on Criminal Procedure, (3d ed.), section 628, says: "If, as is not uncommon, the court by construction restricts a statute to a narrower application than its general words would indicate, an indictment on it in the statutory words will be ill; it must follow the court's narrower construction." *Johnson v. People*, 113 Ill. 99, 102; *Farrell v. People*, 8 Colo. App. 524, 525, 46 Pac. 841; 22 Cyc. 293, 10 Enc. Pl. & Prac. 473.

The judgment is reversed and the cause remanded with instructions to the district court to vacate its judgment, discharge the defendant, and quash the information.

MR. JUSTICE DENISON dissenting.