## No. 11,848.

## McGuire *v.* The People.

Decided January 3, 1928.

Plaintiff in error was convicted of larceny as bailee.

## *Affirmed.*

1. CRIMINAL LAW—*Larceny as bailee.* The contention that accused was not guilty of larceny as bailee because he obtained the money lawfully, overruled, original lawful possession being an ingredient of the crime.

2. *Larceny as Bailee—Check.* The contention that a criminal charge of the conversion of money was not sustained by proof of conversion of a bank check, overruled, since the negotiation of a check is equivalent to the receipt of money upon it.

3. CONVERSION—*Money.* Failure to pay over money collected for another is a conversion of it.

4. CRIMINAL LAW—*Evidence—Check—Larceny as Bailee.* In a prosecution for larceny as bailee, there was no error in admitting in evidence a check which was a part of the original transaction between bailor and bailee, and which determined their relation as such.

5. *Evidence—Jury Inspection of Exhibits.* In a prosecution for larceny as bailee, the face of a bank check having been admitted in evidence, there was no prejudicial error in permitting the entire check with its indorsements to go to the jury room, no objection on that ground having been made.

*Error to the District Court of the City and County of Denver, Hon. Frank McDonough, Sr., Judge.*

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*Department One.*

Mr. Justice Denison delivered the opinion of the court.

McGuire was convicted of larceny as bailee and brings error.

The charge in the information was that he had converted to his own use $330 which he held as bailee for one Flory.

The pertinent facts shown by the people's evidence are that McGuire wished to buy certain sacks of sugar of the Union Pacific Railway company and that Flory gave his check to that company for $972 to pay for it, with an agreement that it should be taken to Flory's warehouse; that he, Flory, was to have seven per cent for his money and certain other sums; that McGuire should sell the sugar and give the price to Flory who should then pay him the profit less the above sums. McGuire sold 50 sacks, took a check for $330 payable to the McGuire Brokerage Company, which he controlled, and converted the proceeds to his own use.

1. It is claimed that the accused was not guilty of larceny as bailee because he got the money lawfully. The answer is that original lawful possession is an ingredient of this crime.

2. It is next claimed that there is no proof that he got the money on the check. The circumstantial evidence that he got it is clear and convincing.

3. It is urged that the charge is conversion of money and the proof is conversion of a check; but the negotiation of a check is equivalent to the receipt of the money upon it (*Adams v. People,* 25 Colo. 532, 55 Pac. 806), and failure to pay over the money collected for another is a conversion of it. These facts are proved in this case.

4. Plaintiff in error says that the said check for $972 was erroneously admitted in evidence. We can see no error. The check was a part of the original transaction between the bailor and bailee which transaction determines their relation as such.

5. The court admitted the face of the check for $972 but not the endorsements; the briefs say that the court committed error in allowing the whole check to go to the jury room; but the abstract does not show that that was done, we can see no possible prejudice if it was done and no objection on that ground appears to have been made.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Whitford and Mr. Justice Sheafor concur.