*157
 
 By the Court.
 

 Upon an indictment containing two counts, Fleming, a councilman of the city of Cleveland, was convicted upon the second count. The second count of the indictment charged the defendant with receiving and accepting the sum of $200 as a bribe, with the purpose and intent to influence his official duty as councilman in connection with the passage of an ordinance to reimburse one Oehme for moneys expended by Oehme to cure himself of injuries sustained in the course of his employment as patrolman of the city. The conviction was sustained by the Court of Appeals, whereupon error was prosecuted to this court.
 

 The briefs of the defendant’s counsel are confined largely to the weight of the evidence; but, since the jury and both the lower courts have passed upon the question of defendant’s guilt or innocence, we shall confine ourselves to the legal questions presented, for the purpose of determining whether error prejudicial to the defendant intervened at the trial. A brief résumé of the evidence is necessary for this purpose.
 

 Prior to 1927 Oehme had been injured while in the line of his duty. After his injury, and because thereof, he had incurred large medical bills at home and elsewhere. The testimony adduced by the state tended to prove that Oehme approached Fleming, who was then a councilman, and asked him to introduce an ordinance carrying the sum of $354 for the purpose of reimbursing Oehme. The first ordinance introduced in Oehme’s behalf was for the sum of $1,740.65, was passed by the council, and the amount thereof eventually paid to Oehme. The passage of that ordinance and payment of its amount to Oehme
 
 *158
 
 occurred while Fleming was abroad. Upon Fleming’s return from his trip abroad, the testimony offered by the state tends to prove, Fleming, learning of the payment of the sum above mentioned, reproached Oehme for not paying him for the favor he had done Oehme in procuring the passage and payment to him of the sum mentioned in that ordinance, and, in the same conversation, according to the testimony given by Oehme and his wife, the patrolman notified the councilman that he had received further bills for medical and hospital expenses amounting to about $350; that, if Fleming would introduce an ordinance to secure the payment of this additional sum, he (Oehme) would pay Fleming whatever he might ask for his services, out of the amount secured by such second ordinance which Fleming was to introduce; that Fleming replied that he would do nothing for Oehme unless he could get some money; that Oehme should borrow the money in order to pay for past and future favors; Oehme asked Fleming how much he wanted, and the latter replied that Oehme could give him a couple hundred dollars, and that he would do nothing unless Oehme got him the money; whereupon Oehme obtained a check for the face amount of $200 and delivered the same to Fleming, who cashed it. This was substantially the testimony of Oehme and his wife.
 

 On the stand, the defendant, denying that the conversation took place as narrated, testified that no bribe was offered or received; testified that the amount of the check delivered by Oehme to him was returned to Oehme, with the exception of $50, which Fleming claimed was owing him from Oehme for attorney fees. It is evident from the verdict that the
 
 *159
 
 jury believed the testimony of Oebme and his wife and disbelieved tbe testimony of Fleming.
 

 Tbe second count of tbe indictment recites that tbe defendant received and accepted $200 in moneys. Tbe jury found tbe defendant guilty upon that count. Since tbe evidence discloses that Oebme delivered to Fleming a check, and did not pay him in moneys, it is argued that this was a fatal variance prejudicial to tbe plaintiff in error. This claim has no real substance. There was no variance in that respect that would mislead tbe defendant or justify a verdict of acquittal. Tbe defendant received money through tbe medium of a check. This is admitted, and it is also admitted that be cashed tbe check and actually received, in money, tbe sum that tbe cheek represented.
 

 There were two ordinances referred to at tbe trial. Tbe first was for $1,740.65, introduced May 1, 1927; tbe second, upon which the indictment was predicated, was an ordinance reimbursing Oebme in tbe amount of $354. The second ordinance was introduced October 1,1928. Since tbe bribery transaction was founded upon a count based solely upon tbe securing of tbe passage of tbe second ordinance, counsel for defendant contend that allusions made by tbe state’s witnesses to tbe defendant’s connection with tbe passage of tbe first ordinance were incompetent because they referred to a separate, past offense, and were incompetent for tbe further reason that tbe conversations between tbe prosecuting witness and tbe defendant in relation to a bribe did not occur until after tbe passage of that ordinance ; that there could be no conviction for bribery except for an act to be done in tbe future. This evi
 
 *160
 
 dence, however, was competent, for the reason that the bribery inducement and promises, testified to by the state’s witnesses, were embodied in one single conversation, and, as narrated, related to both ordinances; the evidence of the state tending to prove that the defendant sought to obtain the alleged bribe of $200, not only for the favor bestowed upon Oehme by securing the passage of the first ordinance, but also for a future favor, that of securing the passage of the second ordinance. It was the contention of the state that securing the passage of the first ordinance was, in part, the inducement for corrupt official action relating to the second, and that both ordinances were not only interwoven into this one conversation, but the conversation in its entirety reflected upon the acts of the defendant and tended to show a corrupt motive upon his part in promising to secure the passage of the second ordinance. The jury was advised that the defendant could not be convicted of accepting a bribe relating to the first ordinance. The court said: “Bribery concerns and must apply to an act to happen in the future, and the evidence in this case shows there was no understanding of any kind before the date of introduction or passage of the ordinance for $1,740.65 by the Cleveland City Council, therefore the defendant cannot be convicted of soliciting or accepting a bribe on or concerning that ordinance. ’ ’ Immediately following this clause in its charge, the court cautioned the jury that the evidence touching the first ordinance was to be considered only for its value in determining whether the defendant accepted the bribe involving his official act as to the ordi
 
 *161
 
 nance (the second ordinance) described in the indictment.
 

 The evidence relating to the incidents accompanying the signing of the affidavit at the office of the Plain Dealer was competent, since the details thereof were admitted upon cross-examination of defendant’s counsel. The evidence of the newspaper men, introduced by the state on rebuttal, concerning the check given to the defendant, was also competent. There seems to be no dispute that Oehme had given Fleming a check for the sum of $200. Previous to the trial, in a conversation with the newspaper men, Fleming had, in effect, denied that he had received any check from Oehme, and had stated that, if Oehme had given him a check, he should produce it. While Fleming did admit, on the trial, that he had received such a check, the newspaper men were called by the state to prove that his testimony on the trial conflicted with the statements he had made to them before the trial. The evidence of the reporters was therefore competent as showing contradiction and inconsistency between the statements made by him prior to, and those made by him at, the trial. The rebuttal testimony alluded to went to the defendant’s credibility.
 

 While other questions were presented and argued by counsel, we deem them unimportant, and are of opinion that no error prejudicial to the defendant intervened at his trial. The judgments of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Kobinson, Jones, Matthias, Day and Allen, JJ., concur.