(No. 21189.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY DREWELL, JR., Plaintiff in Error.

*Opinion filed April 23, 1932.*

JESSE PEEBLES, and L. M. HARLAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, VICTOR HEMPHILL, State's Attorney, J. J. NEIGER, and MICHAEL F. SEYFRIT, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Henry Drewell, Jr., was in the circuit court of Macoupin county indicted, tried, convicted by a jury and sentenced to imprisonment in the penitentiary for the term of a year and a day for the crime of statutory rape upon the person of Selma Eichmeyer, a girl of the age of fourteen years. He brings the record here for review on writ of error.

The first question presented is as to the sufficiency of the evidence. Defendant and the prosecuting witness lived with their respective parents on adjoining farms near Mount Olive. She testified to acts of intercourse beginning May 20, 1929, and continuing at various times for a period of over a year. She gave birth to a baby February 23, 1931. She testified to specific acts at specified times and places. She was corroborated to some extent by the testimony of her two brothers, who testified to opportunity at times and places which she specified in her testimony. Her mother testified that defendant admitted to her two acts of intercourse with Selma. Defendant testified denying any acts of intercourse with prosecutrix, denying ever being alone with her, and denying the mother's testimony as to his admissions. Where the testimony is conflicting it is the special province of the jury to consider and weigh the evidence to ascertain which witnesses are telling the truth and to find and determine the facts. This they have done, and we would not be justified in this case in disturbing their finding.

Plaintiff in error asked for thirteen instructions, of which the court gave five, and complaint is made as to the refusal of instructions. The seventh refused instruction was properly refused, as there was no evidence upon which to base it. Each of the others, except the first, was covered by instructions given at the request of plaintiff in error. The first was an instruction defining the term "reasonable doubt." We have held so frequently as to need no citation of authority, that this term needs no definition and that such instructions should not be given. The court had already given two instructions on this subject.

Finding no reversible error in the record, the judgment of the circuit court is affirmed. *Judgment affirmed.*