(No. 22317.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM KENNEDY *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1934.*

LEWMAN & CARTER, and JOHN TWOMEY, for plaintiffs in error. '

OTTO KERNER, Attorney General, OLIVER D. MANN, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The plaintiffs in error, William Kennedy and William Graham, (hereinafter called the defendants,) were convicted of larceny, and the case is here by writ of error.

The defendants were indicted at the May term, 1933, of the Vermilion county circuit court for the larceny of

$24.26, the money of the Great Atlantic and Pacific Tea Company. They were tried on the second count of the indictment at the same term, on June 14, 1933. The jury found both defendants guilty of larceny as charged in the indictment and found the value of the "property" taken to be $24.26. Motions for a new trial and in arrest of judgment were overruled. The defendants were sentenced to the penitentiary.

The sufficiency of the evidence to support the verdict is not questioned. We will discuss only the evidence necessary to a consideration of the errors assigned and argued.

The larceny was committed on May 9, 1933, from a cash register placed on a box in an A. & P. store in Danville. The register was accessible to customers and clerks from the various parts of the store and was not behind a counter. The contention of defendants is correct that the evidence must show that the crime charged was committed within the statutory period of limitation. The evidence abstracted by defendants' counsel did not show this, but the additional abstract furnished by the People shows the crime was committed on May 9, 1933.

The rule stated by defendants that a charge of larceny of money is not proved by showing a theft of checks is also correct. But here only a taking of money was proved. The only mention made of checks was that made on cross-examination, where the People's witnesses admitted that checks were sometimes kept in the cash register where the money was kept and from which it was taken. There is no evidence that there were any checks in the register on May 9, 1933. It is shown that all the checks had been removed the evening of May 8, 1933. The evidence was that the defendant William Graham had the cash drawer of the register open and had paper money in his hand; that he put it into his pocket, closed the cash register and ran, and that the other defendant, William Kennedy, ran out of the store at the same time Graham did. It is also

shown that the clerk in question was pushed and jostled from the rear just before the defendants ran out of the store. The register is shown to have been in good working order and to have been inspected shortly before the larceny was committed. The shortage in cash was shown to be $24.26, and under this evidence the jury was warranted in finding the defendants guilty as charged in the indictment and that the property taken was money, and that the value of the property taken was $24.26.

A somewhat similar question was decided in the case of *People* v. *Burke*, 322 Ill. 271, where the defendant was seen to have the cash box or drawer of a pay telephone open and the sound of coins he was handling was heard. The only evidence of the amount of money taken was the testimony of a witness that he had deposited two dimes in that telephone the day previous, after the cash box had been emptied by the proper employee of the telephone company.

The form of the verdict would be the same whether money or checks were taken. The objection should have been that there was a variance between the proof and the charge of larceny of money if the evidence had shown that checks were the property stolen.

The only instruction about which complaint is made is the fourth given instruction. It attempted to define the term "reasonable doubt." We have said repeatedly that the term is one that needs no definition. However, the cases cited by the defendants do not hold that the error is so grave as to warrant a reversal. Those cases are *People* v. *Drewell*, 348 Ill. 320, in which a judgment of conviction was affirmed, and *People* v. *Casey*, 350 id. 522, which was reversed on other grounds. This error does not warrant a reversal in this case.

Counsel for the defendants made improper remarks addressed to the State's attorney. In reply the State's attorney made improper remarks addressed to counsel for

defendants. Both were guilty of unbecoming conduct. By each passing the lie to the other and engaging in what amounted at least to a breach of the peace, the result was that one was as deep in the mud as the other was in the mire. The trial court instructed the jury to disregard all the statements made, and these statements did not involve the defendants but were personal to the two attorneys. Counsel for the defendants cannot provoke the remarks complained of by making similar remarks himself and take advantage of these remarks on review.

For the reasons stated the judgment of the trial court is affirmed.

*Judgment affirmed.*