[Crim. No. 3095.   Second Appellate District, Division Two.—June 28, 1938.]

THE PEOPLE, Respondent, v. WILLIAM McNEIL, Appellant.

William J. Clark and Edward Linder for Appellant.

U. S. Webb, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Buron Fitts, District Attorney, Jere J. Sullivan and H. L. Arterberry, Deputies District Attorney, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury on seven counts of grand theft. This appeal is from the judgments. There is also a purported appeal from the sentences.

Viewing the evidence most favorable to the people (respondent), the facts are:

(a) November 9, 1933, defendant met Mrs. Bovell at a metaphysical meeting in Hollywood, California. He thereafter stated to her that, if she would let him have her money, he would double her interest and give her good security. She thereupon gave defendant $75,000 and subsequently thereto additional amounts, making a total of $155,000.

March 1, 1934, defendant signed and delivered to Mrs. Bovell a document in which he acknowledged receipt of $155,000 from her and as security for this sum he gave her the following:

(1) A trust deed note in the sum of $25,000 secured by a trust deed on certain real property;

(2) A promissory note in the sum of $75,000 executed by the Mojave Smelting Co. secured by a chattel mortgage;

(3) A promissory note in the sum of $15,000 executed by the Light Conservation Bureau of California;

(4) 300 shares of stock in the Light Conservation Bureau of California;

(5) 2,125 shares of stock in the Mojave Smelting Co.

November 10, 1934, defendant told Mrs. Bovell that he had sold the smelter of the Mojave Smelting Co., and that if she would release the security he had given her he would return her money in three or four days. In reliance upon defendant's statement she returned to him all of the above-described securities which she had received from him and took in lieu thereof defendant's unsecured note in the sum of $155,000. Mrs. Bovell received $4,238 from defendant June 21, 1935, and gave him an additional credit for $16,000 for a ranch in Merced County which she received from him.

Aside from these two items defendant did not return to Mrs. Bovell the money he had obtained from her or any portion thereof, nor did he return to her all or any of the securities mentioned above and which he had at one time given her as security for the money he had obtained from her.

(b) December 4, 1936, Miss Almand delivered to defendant two checks, one in the sum of $735.80 and the other in the sum of $1100 to be used by him for the purpose of making certain improvements on real property which she owned in the city of Los Angeles. Defendant neither made the improvements nor returned the checks or any portion of the sum represented by them to Miss Almand.

(c) February 23, 1937, defendant received from Miss Almand three checks, one in the sum of $200, the other two each in the sum of $50, for the purpose of purchasing some real property for her. Defendant neither purchased the real property nor returned the checks or any portion of the sum they represented.

(d) February 1, 1937, Miss Almand gave defendant four checks, one in the sum of $1,000, one in the sum of $700, and two for $50 each, for the purpose of buying certain real property for her and erecting houses thereon. Defendant neither purchased the property nor returned the checks or the sums they represented.

(e) February 2, 1937, Miss Almand gave to defendant a draft in the sum of $1556.24 for the purpose of building certain houses for her. Defendant did not build the houses or return to Miss Almand any portion of the above-mentioned sum excepting $520.24.

(f) April 28, 1937, Miss Almand gave to defendant two checks drawn on a bank in Mesa, Arizona, for the purpose of transferring the same to her account in Los Angeles. One of the checks was in the sum of $2,000 and the other in the sum of $290. Defendant never deposited any amount in any bank to the credit of Miss Almand nor did he ever return either of the above checks or the sum represented thereby to her.

(g) March 12, 1937, a check in the sum of $2,747 payable to Miss Almand was by her endorsed to defendant for the purpose of his building certain houses in Los Angeles for her. Defendant did not build the houses nor return the check or any of the money represented thereby to her.

Defendant relies for reversal of the judgment on the following propositions:

*First: There was no substantial evidence to sustain the findings of fact upon which the verdicts of the jury were necessarily predicated.*

*Second: The trial judge committed prejudicial error in (a) permitting the jury to hear certain evidence which was not material to any of the offenses with which defendant was charged; and (b) in denying defendant's motion to strike from the evidence certain exhibits.*

*Third: Since the charges against defendant were grand thefts, it was prejudicially erroneous for the trial judge not to require the district attorney to elect the specific offenses, that is, larceny, embezzlement, obtaining money under false pretenses, etc., upon which he intended to proceed against defendant.*

*Fourth: There was a fatal variance between the pleading and proof in that the evidence disclosed that defendant received certain checks from the complaining witness Almand but did not show that defendant had cashed the checks and received money therefor.*

As to defendant's first proposition, we have examined the record and find there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the facts set forth above and each and every material finding of fact upon which the jury's verdicts were necessarily predicated. Further discussion of the evidence is unnecessary. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v.

*Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

Defendant's second proposition is without merit. An examination of the record discloses that there was received during the course of the trial certain testimony and exhibits, which evidence was not material to any issue before the court. However, defendant has failed to point out to this court wherein the defendant was in any way prejudiced by this evidence. Therefore, since a judgment will not be set aside for an error in the admission of evidence unless, after an examination of the entire cause, this court is of the opinion that the error complained of has resulted in a miscarriage of justice (Art. VI, sec. 4½, Const. of the State of Calif.), the theoretical error pointed out by defendant must be disregarded by us.

Defendant's third proposition is untenable. The law is settled that under sections 484, 490a, and 952 of the Penal Code, where defendant is charged with grand theft the district attorney is not required in advance of the proof to elect upon what theory the prosecution is to proceed, that is, whether it will be larceny, embezzlement, obtaining money under false pretenses, etc. (*People* v. *Fewkes,* 214 Cal. 142, 149 [4 Pac. (2d) 538].)

Defendant's final proposition is untenable. Proof of receipt of a check sufficiently supports a finding that defendant obtained money, in the absence of evidence that the check was not cashed. (*People* v. *Rabe,* (1927) 202 Cal. 409, 422 [261 Pac. 303].)

The case last cited clearly disapproves the *dictum* to the contrary in *People* v. *Whalen,* (1908) 154 Cal. 472, 473 [98 Pac. 194]. There is no evidence in the instant case that the checks received by defendant were not cashed.

An appeal does not lie from the sentence. (*People* v. *Avanzi,* 25 Cal. App. (2d) 301 [77 Pac. (2d) 237].) Therefore the purported appeals from the sentences are dismissed.

The judgments are and each is affirmed.

Crail, P. J., and Wood, J., concurred.