No. 14,997.

RICE ET AL. *v.* THE PEOPLE.
(121 P. [2d] 658)

Decided January 12, 1942.

Mr. CARL L. LOUGH, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error were defendants below and are hereinafter so designated. They were convicted of assault and battery and sentenced to jail, two for sixty days, the other for thirty days. To review that judgment they bring error and ask that the writ be made a supersedeas. Their assignments may be thus classified: (1) Defective information; (2) improper remarks by the district attorney; (3) improper questions by the district attorney; (4) improper cross-examination of witnesses; (5) insufficiency of evidence; (6) refusal to give

requested instructions; (7) refusal to continue hearing on motion for new trial.

The record discloses a drunken carousal in which all of the defendants, and at times others, participated, including several fights, or continuations of the same fight, in which peace officers of the town of Littleton, courtesy patrolmen, and the county sheriff and his deputies, were involved. This disturbance lasted from early in the evening until past 11:00 p.m. Its motive power was supplied by a quart of whiskey and a quart of wine, most of which defendants consumed and under the inspiration of which they staggered about the streets, drove an automobile in a reckless manner, shouted, cursed, tried to sing, attacked the officers with their fists, threatened repeatedly to kill the complaining witness (the town marshal, aged 61, weight 120 pounds), mauled him badly, and with a vicious kick ruptured him. While the officers, at times under great provocation, became a little severe, once using a night-stick, their general modus operandi was argument and attempted persuasion, doubtless so limited by the fact that each of the defendants was of the approximate age of nineteen. The incidents from beginning to end were so closely interwoven that they must be considered as parts of a single melee. The record causes surprise, not at the charge and conviction, but that other and more serious complaints were not lodged.

■ 1. The information is a simple one for assault and battery, not only following the language of the statute, but stating specifically the acts complained of, i.e., "did willfully beat, strike, wound and bruise." Nothing more was required. *Schraeder v. People*, 73 Colo. 400, 215 Pac. 869; '35 C.S.A., c. 48, §68. No allegation of criminal intent was necessary. *Harding v. People*, 10 Colo. 387, 394, 15 Pac. 727.

■ 2. In his opening statement the district attorney said: "They drank wine and they drank whiskey and they drank wine and they drank whiskey." So they did.

And so the undisputed evidence discloses. This was objected to because defendants were not charged with drunkenness. That was their good fortune. It was as material as would have been a statement that they walked and drove an automobile. It bore on the probability of the assault and its motive, and since the evidence was that they were "very drunk," and two of them testified, it shed light on the credibility of their testimony.

3, 4. These objections are based upon the failure of the district attorney to limit his questions to that particular period of the fracas when the defendants were on top of the prosecuting witness and pummeling him. These assignments are without merit. 16 C.J., pp. 572, 574, §§1114, 1115.

5. So much of the evidence as is essential to proof of the offense is not only overwhelming, but undisputed.

6. Six requested instructions were refused. Each was improper for one of two reasons, either because based upon the assumption that this was not a single continuing transaction, or because devoid of basis in law or fact. Further elucidation would be neither profitable nor enlightening.

7. Motion for a new trial was based principally upon the grounds that prior to verdict one of the jurors discussed the case with outsiders, and that the district attorney held an appointment as a deputy sheriff. As to the first of these, the supporting affidavit is very weak and the counter-affidavit so disposed of it that the question was clearly one of discretion and no abuse appears. The counter-affidavit was filed only a few minutes before argument and complaint is made of the court's refusal to grant further time by reason thereof. This was also a matter of discretion and no abuse appears. It further developed that the district attorney carried a so-called "courtesy card" issued by the sheriff, but had never qualified as a deputy. The point is not

insisted upon and appears merely to be thrown in for good measure. We think it is without merit.

Finding no reversible error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE KNOUS concur.