The State of Ohio, Appellee, *v.* Candy, Appellant.*

---

*Motion to certify the record overruled, April 20, 1960. For opinion on motion to withdraw appeal as of right and for leave to appeal, see 113 Ohio App., 329.

(No. 8695—Decided December 28, 1959.)

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. Michael M. Nikolin,* for appellee.

*Mr. Robert N. Gorman* and *Mr. Samuel Rubenstein,* for appellant.

Long, J. In the January term of 1958, the Grand Jury of Hamilton County returned an indictment against Walter G. Candy, which, in effect, charged that the defendant obtained $3,000 in currency from the prosecuting witness, Lillie Mae Howick, by trick. The case was tried to a jury, and resulted in a verdict of guilty; upon which verdict the defendant was sentenced as prescribed by statute. A motion for a new trial was overruled and defendant filed a notice of appeal, but failed to file a bill of exceptions in the time required by statute. Defendant withdrew his appeal as of right, and thereupon filed this motion for leave to appeal under Section 2953.05 of the Revised Code. There is no question that the matter of granting leave to appeal rests in the sound discretion of the court, but in the exercise of that discretion favorably to the defendant in this case, he must show good cause why his bill of exceptions was not filed in time; and, more important than this, upon the evidence

offered to support his motion for leave to appeal, the court must be satisfied that if the motion were denied a miscarriage of justice might result. This requires that we examine the evidence supported by affidavits with respect to the delay in filing the bill of exceptions, and then the testimony as presented at the trial set forth in the tardy bill of exceptions.

Let us review the facts as briefly as we can.

On December 26, 1957, the prosecuting witness, a woman 71 years of age, had a disagreement with her husband and left their living quarters at the Broadway Hotel. She walked along Fourth Street later in the morning and saw a sign at 18 East Fourth Street, Cincinnati, Ohio, reading, "Reference in Divorce Investigation." At this address, defendant operated an office as a private investigator. The prosecuting witness discussed her domestic affairs with defendant, and showed him a cashier's check for $3,000 which she had withdrawn from her bank, which account had been in the joint names of herself and her husband. Defendant suggested that he put the check for safe keeping in his safe deposit box in the First National Bank. Defendant and the prosecuting witness then went to the First National Bank, the defendant's bank, where the check was cashed. Defendant walked to the rear of the bank where the safe deposit department of the bank is located; then he and the prosecuting witness went to defendant's office. The prosecuting witness testified that defendant told her to say, if anybody asked her about the money which she received from the bank, that she had lost it or misplaced it.

There is no question that Costello, a teller at the bank, gave the prosecuting witness six $500 bills for the check; there also is no question that from the time they left defendant's office until the check was cashed, defendant was close by the prosecuting witness, in fact, so close, to use a metaphor, it would be more appropriate to say that defendant was "looking over her shoulder." It is also interesting to note that, although defendant told the detectives, at their headquarters, that "I haven't seen any $500 bills," yet, on the very same day, he deposited three $500 bills in an existing account of his own, opened a separate account with two other $500 bills, and exchanged another $500 bill for bills of a smaller denomination.

In a conversation in the elevator of the Broadway Hotel, in

which the defendant also maintained living quarters, in response to a suggestion of defendant that he would invest her money, the prosecuting witness told him: "I told you I didn't want it invested; I want it available as is."

Again, when the prosecuting witness and her husband, with whom she had become reconciled in the meantime, went to defendant's room in the Broadway Hotel, she requested the return of her money; defendant said he knew nothing of her money matters; that he never saw her money; and he virtually denied knowing what the prosecuting witness was talking about.

So much for the facts which we think will be appropriate in deciding the case.

First of all, let us consider whether the evidence offered by defendant establishes good cause for his right to appeal by leave of court.

On January 29, 1959, defendant's motion for a new trial was overruled; on February 13, 1959, defendant filed a voluntary petition in bankruptcy; nine days before this, on February 4, 1959, he filed an application with the trial court, which granted his request that he be furnished, without cost to him, a transcript of the evidence, on the ground that he was indigent; during all this time he was represented by counsel, by the name of James L. Cobb, Jr., a member of the Kentucky Bar; the bill of exceptions was prepared without cost to the defendant and given to defendant's then attorney some five to seven days before the same was filed on March 3, 1959. Cobb's testimony is that he wanted to read the bill of exceptions, and, not being familiar with the statutes of Ohio, he filed the bill of exceptions three days late. These are the facts upon which defendant relies as an excuse for not filing his bill of exceptions in time. We do not agree with defendant that this constitutes a legal excuse.

However, even if we decided otherwise, we must first ascertain whether refusal to grant leave to appeal would work a prejudice against defendant; or, putting it in another way, does the record disclose that defendant was in any way prevented from having a fair trial? We have read the record of the evidence offered at the trial and have considered the errors claimed by defendant. The only error which we feel inclined to discuss is number one, in which defendant says that there was a fatal variance prejudicial to him, for the reason that the indictment

charges him with receiving currency, when in fact it was a check. It must be kept in mind that the check in question was a cashier's check; that it was cashed by the bank; that, whether delivered to the defendant or to the prosecuting witness, the proceeds of the check ultimately found their way into the hands of the defendant; and that the jury could properly find that the respective deposits of the three and two $500 bills in defendant's accounts proved the charge in the indictment, to the effect that defendant, in substance, obtained $3,000 from the prosecuting witness by trick.

We call attention to Section 2945.83, Revised Code, having to do with trials in criminal cases.

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"A. An inaccuracy or imperfection in the indictment, information, or warrant, provided that the charge is sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him;

"* * * *

"E. Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

We do not feel that the so-called "variance" complained of constitutes such an "imperfection" or "inaccuracy" in the indictment that defendant was not fairly and reasonably informed of the nature and cause of the accusation against him. Nor does it affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial. *State* v. *Joseph*, 115 Ohio St., 127; *Fleming* v. *State*, 122 Ohio St., 156. Both of these cases hold that money received by defendant through the medium of a check, although indicted for receiving cash, is not a variance.

We find no errors in the record prejudicial to defendant, and the jury was justified in finding the defendant guilty beyond a reasonable doubt.

The motion for leave to appeal is overruled.

*Motion overruled.*

MATTHEWS, P. J., and O'CONNELL, J., concur.