No. 23066.

THE PEOPLE OF THE STATE OF COLORADO *v.* LEAH JEANNE ALLEN.
(446 P.2d 223)

Decided October 21, 1968.    Rehearing denied November 12, 1968.

EDWARD N. JUHAN, District Attorney, ROLAND E. CAM-FIELD, JR., Deputy, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

IN a two-count information Leah Jeanne Allen was charged in the first count with embezzlement pursuant to C.R.S. 1963, 40-5-15, and in the second count with grand larceny pursuant to C.R.S. 1963, 40-5-2. The two counts respectively charged that Allen was alleged to have embezzled and stolen "moneys, of the value of * * * [$245.16] * * * of the moneys, goods and personal property of said St. Paul Title Insurance Company of Colorado * * *."

After a jury had been empaneled and sworn, but prior to the opening statements of counsel or the taking of any evidence, the trial court held a hearing in chambers during which defendant's counsel moved for a dismissal on the oral representation that there would be a variance between the proof to be offered and the charges in the

information. The court granted the motion, commenting as follows:

"* * * [T]he Court is of the opinion here that there is that fatal variance between the information and testimony that would be offered. The information says 'cash.' and a check would be introduced. That variance in itself would be sufficient, in the Court's opinion, to be fatal as far as this information is concerned. So the information is going to be dismissed on both counts, and the defendant will be released, the bond will be discharged."

The district attorney, duly authorized thereto by statute, brings the cause here for review.

██ The material averments of an indictment or information must necessarily be stated with such certainty as to apprise the defendant of the nature and cause of the charges against him, so that he can adequately defend himself and be protected from further prosecution for the same offense. *Ciccarello v. People,* 147 Colo. 413, 364 P.2d 368; *People v. Warner,* 112 Colo. 565, 151 P.2d 975. The standard of certainty in the description required in an indictment or information of property embezzled is the same as that required in an indictment or information charging larceny. *People v. Warner, supra; Moody v. People,* 65 Colo. 339, 176 P. 476. Therefore, the two counts in the case at bar must stand or fall together.

██ We hold that the variance between the information and the proof to be offered did not constitute such an imperfection or inaccuracy that the defendant was not fairly and reasonably informed of the nature and cause of the accusations against her. Nor does it affirmatively appear that the accused would be prejudiced thereby or prevented from having a fair trial.

There are some early cases which hold that an allegation of embezzlement or larceny of money is not supported by proof of the embezzlement or larceny of a check. *Bauer v. State,* 25 Ala. App. 355, 146 So. 539;

*Moody v. People, supra; People v. Kennedy,* 356 Ill. 151, 190 N.E. 296; *State v. Castieton,* 255 Mo. 201, 164 S.W. 492; *State v. Hudson,* 93 W. Va. 435, 117 S.E. 122. However, such a rule places emphasis on form rather than substance.

More recent authority is to the contrary. In *Thorp v. People,* 110 Colo. 7, 129 P.2d 296, the information charged the defendant with embezzlement of money, whereas the proof showed embezzlement of a check. We held that where the check was merely the means by which the money alleged to have been embezzled was procured, there was no variance. See *Updike v. People,* 92 Colo. 125, 18 P.2d 472; *McGuire v. People,* 83 Colo. 154, 262 P. 1015. This is the rule that has been adopted in most jurisdictions concerning both embezzlement and larceny. See *People v. McNeil,* 27 Cal. App. 2d 353, 81 P.2d 243; *State v. Serkau,* 128 Conn. 153, 20 A.2d 725; *Brandt v. State,* 71 Ga. App. 221, 30 S.E.2d 652; *State v. Peke,* 70 N.M. 108; 371 P.2d 226; *cert. denied,* 371 U.S. 924, 83 S.Ct. 293, 9 L.Ed. 2d 232; *People v. Palen,* 7 App. Div. 2d 791, 181 N.Y.S.2d 9; *State v. Candy,* 113 Ohio App. 334, 175 N.E.2d 191; *Hicks v. State,* 54 Okla. Crim. App. 431, 23 P.2d 219; *Stephenson v. State,* 138 Tex. Crim. App. 384, 135 S.W.2d 1005; *State v. Riley,* 151 S.E.2d 308 (W. Va.).

The district attorney stated that his proof would show that a check, duly signed by an authorized officer in blank, was filled in by Allen, was cashed and reduced to money in the amount charged in the information. If the evidence adduced at the trial would show that the check was merely the means by which the money alleged to have been embezzled and stolen was procured, then there would be no fatal variance in either count of the information under the cases we have cited above. The trial court's dismissal of the information prior to the taking of any evidence or even the opening statements of counsel, therefore, was clearly premature.

The judgment is disapproved.