## No. 25849

## The People of the State of Colorado v. George Xericos
(525 P.2d 415)

Decided August 6, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Morrato, Gueck and Colantuno, James J. Morrato, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a conviction of a violation of C.R.S. 1963, 40-9-11, making it a crime to act as or to engage oneself as a pimp. The section was repealed in 1971 Perm. Supp., C.R.S. 1963, 40-7-206. Though several issues have been presented, one requires reversal and, therefore, the others need no discussion. Defendant challenges the sufficiency of the indictment. We find it fatally defective and therefore reverse.

I.

The indictment returned against this defendant stated:
"That George Xericos did, on or about November 14, 1969, in the County of Arapahoe, State of Colorado, being a male person, over the age of eighteen years (18), did act or engage himself as a pimp; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

The statute which the indictment referred to was C.R.S. 1963, 40-9-11, which states in pertinent part:
"Any male person, over the age of eighteen years, who shall act as an employee or servant in or about any room, house or place of prostitution; *or who shall act or engage himself as a pimp,* * * *" (Emphasis added.)

The relevant portion of the statute, it should be noted, did not set forth a definition of what acts constitute pimping or engaging as a pimp. Likewise the indictment failed to relate with any specificity the act or acts which constituted the crime charged.

II.

The purposes of a criminal indictment by a grand jury are essentially twofold. First, it must give the defendant sufficient notice of the crime that has allegedly ·been

committed so that a defense may be prepared. *Tracy v. People,* 65 Colo. 226, 176 P. 280 (1918). Second, it must define the acts which constitute the crime with sufficient definiteness so that the defendant may plead the resolution of the indictment as a bar to subsequent proceedings. *People v. Allen,* 167 Colo. 158, 446 P.2d 223 (1968). Accordingly, we have held in prior cases that where the acts constituting the offense are not described by the statute, an indictment merely reciting the statutory words is insufficient. *Schraeder v. People,* 73 Colo. 400, 215 P. 869 (1923). We hold that this long-standing principle of law controls in this case. The result was a charge so vague as to prejudice the rights of the defendant.

The judgment is reversed and cause remanded with directions to dismiss the indictment and discharge the defendant.

MR. JUSTICE ERICKSON does not participate.