The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frank G. E. TUCKER,
Defendant-Appellant.

No. 79SA311.

Supreme Court of Colorado,
En Banc.

July 13, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynne Ford, John Daniel Dailey, Asst. Attys. Gen., Litigation Section, Denver, for plaintiff-appellee.

Haddon, Morgan & Foreman, Harold A. Haddon, Denver, for defendant-appellant.

LEE, Justice.

Defendant, Frank G. E. Tucker, the former district attorney for the Ninth Judicial District, was indicted on twelve counts of embezzlement of public funds, section 18-8-407, C.R.S. 1973 (1978 Repl. Vol. 8),[1] and one count of felony theft, section 18-4-401, C.R.S. 1973 (1978 Repl. Vol. 8).

The defendant moved for a severance and separate trial as to each separate transaction. The court denied the motion for separate trials as to each transaction, but granted the severance in part by ordering three separate trials on, respectively, counts 1 through 4, counts 5 through 8, and counts 9 through 13.

Trial was had on counts 5 through 8. The defendant was acquitted of counts 5 and 6. He was convicted of counts 7 and 8. Because we find the indictment to be fatally defective, we reverse the convictions.

Before trial, after reviewing the indictment and the transcript of the grand jury testimony, the defendant moved to dismiss the indictment on the ground that it was unconstitutionally vague. Although the

---

1. Section 18-8-407, C.R.S. 1973 (1978 Repl. Vol. 8) provides:

18-8-407. *Embezzlement of public property.* (1) Every public servant who lawfully or unlawfully comes into possession of any public moneys or public property of whatever description, being the property of the state or of any political subdivision of the state, and who knowingly converts any of such public moneys or property to his own use or to any use other than the public use authorized by law is guilty of embezzlement of public property. Every person convicted under the provisions of this section shall be forever thereafter ineligible and disqualified from being a member of the general assembly of this state or from holding any office of trust or profit in this state.

(2) Embezzlement of public property is a class 4 felony.

court expressed concern about the lack of specificity in the indictment, it denied the motion. We hold this was error and reverse the conviction.

The indictment against the defendant involved alleged embezzlements of public funds which occurred over a period of two years and five months. In particular, counts 7 and 8 revolve around the relationship between the defendant and one Deborah McGuern and the alleged expenditure of public money on her behalf. The defendant claims that McGuern was a valued informant from whom he gained information on drug trafficking in and around Glenwood Springs, Colorado. He claims that any alleged double-billing to the counties was inadvertent and that any payment by the counties for McGuern expenses was a mistake. McGuern was a resident of California during much of the time in question.

Count 7 charged embezzlement of $155.16 from Garfield County. The evidence presented showed that the expenses were incurred by both defendant and McGuern while they attended a Colorado District Attorneys' Convention at the Broadmoor Hotel in 1975. Rio Blanco County was billed for the expense of both in the total amount of $228.31. Garfield County was also billed $155.16, the amount the defendant alleged to be his expenses at the convention. It is unclear whether the defendant was being charged with double-billing his personal expenses or billing non-reimbursible expenses to Garfield County.

Count 8 apparently related to the payment by Garfield County in the amount of $320.65 for long distance telephone calls to McGuern in California.

All twelve counts were charged in substantially similar form. The charge in count 7 is illustrative.

## "COUNT VII

The Grand Jury charges that between October 5, 1975, and December 31, 1975, in the County of Garfield, State of Colorado, Frank G. E. Tucker, then being a public servant of the State of Colorado, the District Attorney for the Ninth Judicial District, did unlawfully and through false representations obtain possession of public monies of the County of Garfield, a political subdivision of the State of Colorado, in the sum of $155.16, and converted same to his own use and to uses other than the authorized public use, committing a felony in violation of C.R.S. 1973, 18-8-407, Embezzlement of Public Property, and against the peace and dignity of the People of the State of Colorado."

Count 8 was identical except as to the dates, which encompassed the time period set forth in count 7, and the amount involved. The eleven other embezzlement counts merely change the amount, the county from which the money was allegedly embezzled, and the range of dates.

This Court had previously held that:

"The purposes of a criminal indictment by a grand jury are essentially twofold. First, it must give the defendant sufficient notice of the crime that has allegedly been committed so that a defense may be prepared. *Tracy v. People*, 65 Colo. 226, 176 P. 280 (1918). Second, it must define the acts which constitute the crime with sufficient definiteness so that the defendant may plead the resolution of the indictment as a bar to subsequent proceedings. *People v. Allen*, 167 Colo. 158, 446 P.2d 223 (1968). Accordingly, we have held in prior cases that *where the acts constituting the offenses are not described by the statute, any indictment merely reciting the statutory words is insufficient. Schraeder v. People*, 73 Colo. 400, 215 P. 869 (1923). We hold that this longstanding principle of law controls in this case. The result was a charge so vague as to prejudice the rights of the defendant." (Emphasis added.) *People v. Zupancic*, 192 Colo. 231, 557 P.2d 1195 (1977) quoting from *People v. Xericos*, 186 Colo. 21, 525 P.2d 415 (1974).

To accomplish these purposes the indictment must clearly state the essential facts which constitute the offense. Fundamental fairness requires no less. *People v. Donachy*, 196 Colo. 289, 586 P.2d 14 (1978) and see 1 *C. Wright, Federal Practice and Procedure (Criminal)*, § 125 (1969).

As stated in *Zupancic, supra* and *Donachy, supra*, the indictment must answer the questions of "who, what, where, and how." The question of who (the defendant), what (the amount of money embezzled), and where (the county from which the money was allegedly embezzled), were properly answered by the respective counts of the indictment. But, the question of how the embezzlement was accomplished is not sufficiently stated. It would be fundamentally unfair to require the defendant in this case to defend against twelve counts of the indictment as they are presently framed.

"* * * Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

\* \* \* \* \* \*

" 'It is an elementary principle of criminal pleading that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.' * * * 'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' " *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1961).

The defendant, as District Attorney, was responsible for literally thousands of transactions such as those which were allegedly fraudulent. Unlike other crimes, there are numerous ways in which embezzlement may be committed. *See e. g., People v. McNulty*, 184 Colo. 274, 519 P.2d 1195 (1974), (where a defendant was charged with failure to pay employee withholding tax during a specified period of time.) Defendant could have been charged with submitting false vouchers, billing counties for non-reimbursible expenses, double-billing expenses, stealing cash from the petty cash fund, converting deposits belonging to a county, or any number of other acts.[2]

It would have been a simple matter for the grand jury to insert into counts 7 and 8 of the indictment a short statement indicating the factual circumstances relied upon in returning an indictment. For instance, count 7 could have included an indication that the alleged embezzlement was the double-billing of the defendant's expenses for the Colorado District Attorneys' Convention in 1975. Count 8 could have indicated that the alleged embezzlement was in the payment by Garfield County for personal phone calls of the defendant to McGuern in California. These additions to the indictment would clearly have indicated to the defendant the alleged criminal conduct and made the indictment sufficient. As presented by the grand jury, counts 7 and 8 of the indictment are insufficient. There is no substantial difference between the indictments presented in this case and those which we disapproved in *Donachy, supra*.

Finally, it is significant to observe that a bill of particulars under Crim. P. 7(g) cannot save an insufficient indictment. *People v. Donachy, supra; People v. Zupancic, supra; Wright v. People*, 104 Colo. 335, 91 P.2d 499 (1939).

The convictions are reversed and counts 7 and 8 of the indictment are ordered dismissed. ·

ROVIRA and LOHR, JJ., do not participate.

---

2. The confusion surrounding count 7 is suggested by the following. The evidence indicated that $155.16 was the amount of the defendant's expenses at the District Attorneys' Convention. Since the charge was embezzlement from Garfield County, it appears that he was charged with double-billing his own personal expenses, there being no non-reimbursible expenses included in the amount paid by Garfield County. As heretofore noted, Rio Blanco County was billed for both the defendant's expenses and those of Deborah McGuern. However, much of the testimony on count 7 was directed to McGuern's non-reimbursible expenses which had been paid by Rio Blanco County.