The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Linda CHAVEZ a/k/a Linda Sandoval, Defendant–Appellant.

No. 96CA1199.

Colorado Court of Appeals, Div.I.

Aug. 21, 1997.

Rehearing Denied Oct. 9, 1997.

Certiorari Denied March 16, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Clemmie P. Engle, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Forrest W. Lewis, P.C., Forrest W. Lewis, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Linda Chavez a/k/a Linda Sandoval, appeals the judgment, entered upon a jury verdict, finding her guilty of theft, a class four felony, and abuse of public records, a misdemeanor. We affirm.

Defendant was charged as a result of the execution of a search warrant, issued in connection with an unrelated drug transaction investigation, during which certain of her banking and financial records were seized. Because detectives suspected that the money in her bank accounts represented the proceeds of illegal drug trafficking and theft of public monies, they sought and obtained another search warrant for bank records of two bank accounts held by her.

Further investigation revealed that, from August 1991 through June 1992, defendant deposited 15 unemployment compensation

checks issued to her by the Colorado Department of Labor and Employment. During this period, however, she was employed on a full-time basis.

Prior to trial, defendant moved to dismiss the charges against her based on the statute of limitations. She argued that, because the last check was issued to her on May 19, 1992, and the information was not filed until June 22, 1995, the three-year statute of limitations, set out in § 16–5–401(1)(a), C.R.S. (1986 Repl.Vol. 8A), barred her prosecution on this charge.

Section 16–5–401(1)(a) bars prosecution unless the information is filed within three years of the "commission" of the offense. Citing that language, the People argued that defendant's last act constituting commission of the theft occurred on June 23, 1992, the last date she cashed an unemployment check. Therefore, they asserted that, because the information was filed on June 22, 1995, less than three years later, defendant's prosecution was not barred.

The trial court agreed with this contention and denied defendant's motion. It is this decision about which defendant complains on appeal.

Because we agree with the trial court that the crime of theft was not complete until defendant cashed the last check on June 23, 1995, we need not decide whether an amendment to the statute of limitations for theft, § 16–5–401(4.5), C.R.S. (1996 Cum.Supp.), which starts the limitation period only upon the "discovery" of the crime, and upon which the People also rely, applies here.

Section 16–5–401(4), C.R.S. (1986 Repl.Vol. 8A) provides that: "[w]hen an offense is based on a series of acts performed at different times, the period of limitation prescribed ... starts at the time when the last act is committed."

Under § 18–4–401(1), C.R.S. (1986 Repl. Vol. 8B), "a person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception," and that person "[i]ntends to deprive the other person permanently of the use or benefit of the thing of value."

In *People v. Marques*, 184 Colo. 262, 520 P.2d 113 (1974), our supreme court held that a check itself is a thing of value for purposes of the theft statute and that the face amount of the check is presumptive evidence of its value.

Here, however, defendant was not charged with theft of the checks. Instead, the information specifically charged defendant with unlawfully and knowingly obtaining or exercising control "over a thing of value, to-wit: MONEY...."

By choosing to charge defendant with theft of money, rather than theft of the checks, the People assumed the additional burden of proving, not only that defendant obtained control of the checks, but also that she negotiated them. *See McGuire v. People*, 83 Colo. 154, 262 P. 1015 (1928) (unlawful negotiation of check constitutes the theft of proceeds). Hence, the "last act" constituting the theft charged in the information was the negotiation of the instrument.

Accordingly, because the "last act," the negotiation of the check, did not occur until June 23, 1992, and the information was filed on June 22, 1995, which was within the limitations period of the original statute, the trial court did not err in denying defendant's motion.

The judgment is affirmed.

METZGER and MARQUEZ, JJ., concur.