## No. 27121

**The People of the State of Colorado v. Scott L. Ro'mar also known as Robert Arthur Schultz and Ro'mar Investigation and Security, Inc.**

(559 P.2d 710)

Decided February 7, 1977.

---

J. E. Losavio, Jr., District Attorney, Tenth Judicial District, Douglas E. Anderson, Deputy, for plaintiff-appellant.

Maurice R. Franks, for defendants-appellees.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The District Attorney commenced this civil action to abate a public nuisance. The nuisance alleged is that the defendants are conducting their security guard service without obtaining a license to carry on a "detective business."[1] The district court granted the defendants' motion to dismiss the action, holding the detective licensing statute unconstitutionally vague. We affirm.

The statute in question provides:

"No person, firm or corporation shall carry on a detective business within this state without having first obtained a license as provided in this article." Section 12-21-101, C.R.S. 1973.

Operating a detective business without a license is declared a misdemeanor by section 12-21-109.[2]

Nowhere in the statutes does there appear any definition of the term "detective business." Nor are those charged with enforcing the licensing requirement afforded any statutory standards or guidelines for

---

[1] Under section 16-13-306, C.R.S. 1973, it is a public nuisance to carry on without a license any business required by law to be licensed.

[2] A separate criminal action has been filed in this matter.

determining what activities fall within the statute. Thus the statute fails to identify the persons on whom it imposes the licensing requirement. It leaves the determination of what constitutes a detective business to those charged with enforcement, and to the courts, without legislative guidance. For example, in this case we are asked to decide, without any guidelines, whether or not the defendants, by operating a security guard service, were carrying on a "detective business."

Similarly, neither the dictionary definition of "detective"[3] nor common usage gives notice what conduct may be subject to the statute's licensing restrictions and criminal penalties. Thus one must engage at his peril in the business of credit checking, skip tracing, insurance adjusting, or providing private security services. There is no sufficient definitional basis in the statute, or its legislative history, on which to predicate a sound judicial interpretation of its meaning.

Nor can certainty regarding the meaning of "detective business" be gleaned from the licensing statutes of our sister states. For example, California,[4] Indiana,[5] New York,[6] and Texas[7] distinguish industrial or plant guards from private detectives. But Illinois[8] and Iowa[9] do not.

In short, Colorado's statute leaves the intended content of the term "detective business" unknown and unknowable not only from the standpoint of authorities charged with enforcement but also from the standpoint of businessmen charged with compliance.

■ Fair notice is the essence of the substantive due process required of penal and regulatory statutes. Fundamental notions of fair play require that such a statute:
"be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. . . . And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).
*Cf. Watson v. Board of Regents*, 182 Colo. 307, 512 P.2d 1162 (1973) (regulation).

■ The General Assembly's authority, under the police power, to regulate certain business activities is not questioned. But when a

---

[3] "One employed or engaged in detecting lawbreakers or in getting information that is not readily or publicly accessible." Webster's New Collegiate Dictionary 309 (1976).
[4] Cal. Bus. & Prof. Code § 7521 (West 1975).
[5] Ind. Ann. Stat. § 25-30-1-2 (1974).
[6] N.Y. Gen. Bus. Law § 71 (McKinney 1968).
[7] Tex. Rev. Civ. Stat. Ann. art. 4413 (29bb) § 2 (1976).
[8] Ill. Ann. Stat. ch. 38, § 201-1 (Smith-Hurd 1973).
[9] Iowa Code § 80A.1 (1975).

regulatory statute imposes criminal or civil sanctions, due process requires that it make reasonably clear to those intended to be affected what conduct is within its scope. Fair notice of a duty to comply is particularly essential where, as here, the value of an existing business or investment may be destroyed by injunction for failure to comply. *Memorial Trusts, Inc. v. Beery*, 144 Colo. 448, 356 P.2d 884 (1960).

The statute in question is unconstitutional in that it denies the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and by Article II, section 25 of the Colorado Constitution.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.