No. 79SA233

**David M. Douglass and Janice A. Douglass d/b/a Runabout Delivery Service v. J. T. Kelton, Sheriff of the County of Routt; W. E. Philbrook, Chief of Police, City of Steamboat Springs; and The City of Steamboat Springs, an incorporated Colorado Municipality**

(610 P.2d 1067)

Decided May 5, 1980. Opinion modified and as modified rehearing denied May 19, 1980.

---

Hibbard & King, Peter B. King, for plaintiffs-appellants.

John McMullen, for J. T. Kelton, Sheriff of the County of Routt.

Ratcliffe & Camberlin, Dean Link, for W. E. Philbrook, Chief of Police, City of Steamboat Springs; and The City of Steamboat Springs.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The appellants seek reversal of the trial court's summary judgment in an action commenced by them to review the denial of a concealed weapons permit by the appellees, the Sheriff of Routt County and the Chief of Police of Steamboat Springs. We affirm the summary judgment.

The appellants are in a business involving the transfer of large sums of money and valuable papers. They applied to both the sheriff and police chief for permits to carry concealed firearms in their business. Each appellee summarily refused to issue a permit on the ground that he had no authority to issue such a permit.[1] In the trial court, the appellants argued that the summary denials were arbitrary and capricious and therefore an abuse of discretion. Relief was sought pursuant to C.R.C.P. 106 in the nature of mandamus to order the appellees to issue the permits. Upon granting the summary judgment motion, the trial court held that there has been no delegation of authority to either the sheriff or the chief of police to issue such permits. We agree.

The position of sheriff was created by *Colo. Const.* Art. XIV, Sec. 8. The position of police chief has its origin in *Colo. Const.* Art. XX, Sec. 6, which places authority in a home rule city, such as Steamboat Springs, to provide for the creation and terms of "municipal officers, agencies and employments."

Nevertheless, the mere creation of an official position does not automatically vest that official with unlimited powers. The scope of his power and authority is limited to that inherent in the office. All other powers must be derived from legislation. *Skidmore v. O'Rourke,* 152 Colo. 470, 383 P.2d 473 (1963).

The issuance of permits for concealed weapons does not fall within that category of inherent powers. A police chief or a sheriff can fully perform his functions without this power. We must therefore look to legislative enactments which grant such power.

The only indication that such power exists is found in section 18-12-105(2)(c), C.R.S. 1973 (now in 1978 Repl. Vol. 8), which provides: It shall be an affirmative defense [to the crime of carrying a concealed weapon] that the defendant was: (c) A person who, prior to the time of carrying a concealed weapon *has been issued a written permit to carry the weapon by the chief of police of a city, . . . or the sheriff of a*

---

[1] The sheriff, on prior occasions, had issued numerous permits. However, he cancelled each of those permits and has stated that he will not issue any new permits.

*county;* and the written permit shall be effective in all areas of the state. (Emphasis added.)

The appellant argues that such language confers the power to issue such permits to police chiefs and sheriffs. We cannot agree.

True, the general assembly must have contemplated the existence of such power when it created this affirmative defense. However, there are no statutory provisions which authorize the issuance of these permits. Nor can we find any legal basis to interpret section 18-12-105(2)(c), itself, as an enabling statute. "Public officers have only such power and authority as are *clearly conferred* by law . . . ." (Emphasis added.) 67 C.J.S. *Officers* §190. The mere creation of an affirmative defense does not "clearly confer" a power or authority to issue the permits in question.

This is not to say that such power and authority cannot be delegated. The legislature can delegate the power, but it has failed to delegate that power through appropriate enabling legislation. The local government has not attempted to place this licensing power in the police chief.

 The appellants' right to bear arms is not absolute. In fact, Article II, Section 13 of the Colorado Constitution specifically excludes the carrying of concealed firearms from this right:

"The right of no person to keep and bear arms in defense of his home, person and property, or in the aid of the civil power when thereto legally summoned, shall be called in question; *but nothing herein shall be construed to justify the practice of carrying concealed weapons.*" (Emphasis added.)

Whether the legislature or municipality shall choose to delegate or create the power to issue permits is a matter of legislative policy. The only limitation is that once a person receives a permit in one county or city, he may not be convicted under the statute prohibiting the carrying of a concealed weapon in any other city or county. Section 18-12-105(2)(c), C.R.S. 1973.

There is no enabling legislation which creates the power to issue concealed weapons permits in the Police Chief of Steamboat Springs or the Sheriff of Routt County. Therefore, the trial court correctly entered summary judgment against the appellants. Due to our disposition of the permit question, it is not necessary for this court to address the appellants' remaining challenges regarding the validity of two Steamboat Springs ordinances which prohibit the carrying, concealing and flourishing of certain weapons.

Judgment affirmed.