Frank A. Traylor, M.D. Executive Director Department of Institutions 3550 West Oxford Avenue Denver, CO 80236
Dear Dr. Traylor:
I write in response to your questions about the ability of the Department of Institutions to become a self-insured employer under the provisions of the Workmen's Compensation Act of Colorado, articles 40 to 54 of title 8, C.R.S. (1973 1983 Supp.).
QUESTIONS PRESENTED AND CONCLUSIONS
Does the Workmen's Compensation Act of Colorado clearly confer upon the Department of Institutions and its executive director the power and authority to elect the method of insuring the payment of workmen's compensation, either:
1. As an "employer" as the term is used in section 8-44-101(1), C.R.S. (1973 1983 Supp.)?
No.
2. As a "public entity" as the term is used in section 8-44-101(3), C.R.S. (1983 Supp.)?
No.
ANALYSIS
The powers and authority of public officers are determined and circumscribed by law. Public officers "have only such power and authority as are clearly conferred or necessarily implied from the powers granted" (emphasis added). 67 C.J.S.Officers and Public Employees § 190 (1978); 63A Am.Jur.2d Public Officers and Employees § 300 (1984);see Douglass v. Kelton, 199 Colo. 446,610 P.2d 1067 (1980); see also Skidmore v.O'Rourke, 152 Colo. 470, 383 P.2d 473 (1963). "Statutes delegating powers to public officers must be strictly construed." 67 C.J.S. Officers and Public Employees § 190. These principles control my analysis of the questions presented, which pertain to the power and authority of the Department of Institutions and its executive director.
After reviewing the relevant provisions of the Workmen's Compensation Act of Colorado, I conclude with respect to section8-44-101, C.R.S. (1973 1983 Supp.), that neither subsection (1) nor subsection (3) of that section clearly confers upon the Department of Institutions or its executive director the power and authority to elect the method of insurance for workmen's compensation.
a. Section 8-44-101(1), C.R.S. (1973 1983 Supp.)
The Workmen's Compensation Act of Colorado, section 8-44-101(1), C.R.S. (1973 1983 Supp.), requires every "employer" subject to the provisions of the Act to procure and maintain insurance against liability for the payment of compensation. Three methods of insuring the payment of compensation are listed under subsection (1). First, an employer may insure in the State Compensation Insurance Fund. Section 8-44-101(1)(a), C.R.S. (1973 1983 Supp.). Second, an employer may procure insurance with an authorized stock or mutual corporation. Section8-44-101(1)(b), C.R.S. (1973 1983 Supp.). Third, an employer may in appropriate cases insure itself, for example, by procuring a self-insurance permit from the Industrial Commission. Section8-44-101(1)(c), C.R.S. (1983 Supp.); see section8-44-109, C.R.S. (1973).
The meaning of "employer" as the term is used in the Workmen's Compensation Act is set forth in section 8-41-105, C.R.S. (1973 
1983 Supp.), and expressly includes the State of Colorado. Section 8-41-105(1)(a), C.R.S. (1973). Consequently, the State of Colorado is required to procure and maintain insurance against liability for the payment of workmen's compensation, by electing one or more of the methods of insurance listed under section8-44-101(1), C.R.S. (1973 1983 Supp.). Historically, the state has chosen to insure the payment of compensation in the State Compensation Insurance Fund only.
Departments of the State of Colorado, however, are not specifically mentioned in the definition of "employer" contained in section 8-41-105, C.R.S. (1973 1983 Supp.). Thus, section8-44-101(1), C.R.S. (1973 1983 Supp.), does not accord departments the status of independent employers separate and distinct from the State of Colorado. Because this subsection does not clearly confer on departments or department directors the power and authority to elect the method of insurance for workmen's compensation, I conclude that neither the Department of Institutions nor its executive director has authority as an "employer" to elect the method of insurance under the provisions of section 8-44-101(1), C.R.S. (1973 1983 Supp.).
b. Section 8-44-101(3), C.R.S. (1983 Supp.)
Section 8-44-101(3), C.R.S. (1983 Supp.), provides in relevant part as follows:
 All public entities in the state shall insure and keep insured the payment of compensation by electing one of the three methods provided in subsection (1) of this section.
Section 8-44-101, C.R.S. (1973 1983 Supp.), does not expressly provide a definition of "public entity" as the term is used in subsection (3) of that section. However, section 8-44-110, C.R.S. (1983 Supp.), which pertains to self-insurance for workmen's compensation by public entities, does contain a definition of "public entity" as the term is used in that section. Section 8-44-110(1), C.R.S. (1983 Supp.). Sections8-44-101(3) and 8-44-110, C.R.S. (1983 Supp.), were both a part of the same enactment by the general assembly in 1981. 1981 Colo. Sess. Laws ch. 81, sections 8-44-101(3) and 8-44-110, at 463-465. Because these provisions relate to the same subject and were enacted at the same time, they are in pari materia
and must be construed together to ascertain and effectuate the legislative intent. Sterling v. Industrial Commission,662 P.2d 1096 (Colo.App. 1982); State Board of MedicalExaminers v. Jorgensen, 198 Colo. 275, 599 P.2d 869 (1979);Public Employees Retirement Association v. Greene,195 Colo. 575, 580 P.2d 385 (1978). I therefore attribute the same meaning to the term "public entity" in section 8-44-101(3), C.R.S. (1983 Supp.), as that stated in section 8-44-110, C.R.S. (1983 Supp.).[1]
"Public entity" means and includes "any county, municipality, school district, and any other type of district or authority organized pursuant to law." Section 8-44-110(1), C.R.S. (1983 Supp.).
Departments of the State of Colorado are not specifically mentioned in the above definition of "public entity." Moreover, sections 8-44-101(3) and 8-44-110, C.R.S. (1983 Supp.), do not contain a clear expression of legislative intent that this particular definition of "public entity" includes departments of the State of Colorado within its scope, and I will not infer such intent where it is not unmistakably expressed.[2]
Because section 8-44-101(3), C.R.S. (1983 Supp.), does not clearly confer on departments or department directors the power and authority to elect the method of insurance for workmen's compensation, I conclude that neither the Department of Institutions nor its executive director has authority as a "public entity" to elect the method of insurance under the provisions of section 8-44-101(3), C.R.S. (1983 Supp.).
SUMMARY
The Workmen's Compensation Act of Colorado does not clearly confer on the Department of Institutions and its executive director the power and authority to elect the method of insuring the payment of compensation, either as an "employer" as the term is used in section 8-44-101(1), C.R.S. (1973 1983 Supp.), or as a "public entity" as the term is used in section 8-44-101(3), C.R.S. (1983 Supp.). Consequently, the Department of Institutions is unable to become a self-insured employer by its own election.
This is not to say that the power and authority to elect the method of insurance for workmen's compensation cannot be delegated. The legislature can delegate the authority through appropriate enabling legislation. The legislature has not attempted to place the authority under the control of individual department directors. Absent a proper delegation of authority, the Department of Institutions and its executive director are unable to elect the method of insurance for workmen's compensation.
I trust this is responsive to your inquiry.
Very truly yours,
 DUANE WOODARD Attorney General
STATE AGENCIES INSURANCE WORKMEN'S COMPENSATION
Section 8-44-101(1), C.R.S. (1973 1983 Supp.) Section 8-44-101(3), C.R.S. (1983 Supp.) Section 8-44-110, C.R.S. (1983 Supp.)
INSTITUTIONS, DEPT. OF
Neither subsection (1) nor (3) of section 8-44-101, C.R.S. (1973 1983 Supp.), clearly confers on the Department of Institutions and its executive director the power and authority to elect the method of insurance for workmen's compensation.
[1] Section 8-44-110(1), C.R.S. (1983 Supp.), states the definition of "public entity" as the term is "used in this section," referring to section 8-44-110. I do not perceive this language as a barrier to the application of this definition to other sections or subsections which are in pari materia
with section 8-44-110.
[2] As recently stated by the Colorado Supreme Court inEngelbrecht v. Hartford Accident and Indemnity Co.,680 P.2d 231, 233 (Colo. 1984), "statutes susceptible to more than one interpretation must be construed in light of the apparent legislative intent and purpose. (Citations omitted.)" The purposes of the Workmen's Compensation Act are to protect employees who suffer injuries arising out of their employment and to give injured workers a reliable source of compensation.Engelbrecht v. Hartford Accident and Indemnity Co.,680 P.2d 231 (Colo. 1984); Bellendir v. Kezer, 648 P.2d 645
(Colo. 1982); Frohlick Crane Service, Inc. v. Mack,182 Colo. 34, 510 P.2d 891 (1973); Vanadium Corp. of America v.Sargent, 134 Colo. 555, 307 P.2d 454 (1957).
Historically, the State of Colorado has acted as a unified employer by insuring the payment of compensation in the State Compensation Insurance Fund only. Allowing the piecemeal selection of methods of insurance for workmen's compensation by the various departments of state government might conceivably undermine the purposes of the Workmen's Compensation Act, by subjecting state employees to reliance on different sources of insurance depending on the respective departments in which they work. Furthermore, the use of insurance methods other than the State Compensation Insurance Fund by a significant number of state departments might predictably weaken the Fund, so that state employees in departments which continue to insure in the Fund are left with a less reliable source of compensation. Absent a clear and unmistakable indication of legislative intent, I decline to construe the provisions of sections 8-44-101(3) and8-44-110, C.R.S. (1983 Supp.), in such a manner which ostensibly is inconsistent with the purposes of the Workmen's Compensation Act.