Alan N. Charnes Executive Director Department of Revenue 486-A Capitol Annex 1375 Sherman St. Denver, CO 80203
Dear Mr. Charnes:
I am writing in response to your request for a formal legal opinion regarding the propriety of permitting social gambling on liquor-licensed premises. It is my understanding that the Department of Revenue (the department) seeks clarification of the proscription of any gambling on liquor licensed premises found in section 12-47-128(5)(n)(I), C.R.S. (1984 Supp.), in light of the definition of gambling found in the criminal code, which excludes "social gambling" at section 18-10-102(2), C.R.S. (1978).
QUESTION PRESENTED AND CONCLUSION
Does the term "gambling" found in section 12-47-128(5)(n), C.R.S. (1984 Supp.) mean "gambling" as defined in section 18-10-102(2), C.R.S. (1978).
 Yes. The term "gambling" found in section 12-47-128(5)(n) means the same thing as the term "gambling" found in section 18-10-102, C.R.S. (1978).
ANALYSIS
Section 12-47-128(5)(n)(I), C.R.S. (1984 Supp.) provides, in pertinent part, "It is unlawful for any person licensed to sell at retail pursuant to this article to authorize or permit any gambling." The department requests a definition of the term "gambling." Although this term is not defined in article 47 of title 12, the Colorado Liquor Code, the term is defined in the criminal code at section 18-10-102(2), C.R.S. (1978).[1]
The definition of gambling contained in section 18-10-102(2)(d) of the criminal code excludes "any game, wager or transaction which is incidental to a bona fide social relationship, is participated in by natural persons only, and in which no person is participating, directly or indirectly, in professional gambling." This exclusion of "social gambling" from the definition of gambling as defined by the criminal code raises the issue of statutory construction.
When statutory provisions relate to the same subject and are enacted at the same time, they are deemed to be in parimateria and must be construed together to effectuate the legislative intent. Sterling v. IndustrialCommission, 662 P.2d 1096 (Colo.App. 1982).
Evidence of legislative intent can be gleaned from the Senate Judiciary Committee Hearings on S.B. 217 during the 1984 session of the general assembly. During the course of those hearings a question arose regarding the applicability of the social gambling exemption (and others) in the criminal code to the liquor code proscription of gambling on licensed premises. Mrs. Smith of the Legislative Drafting Office responded to Senator Allshouse's question by concluding that the exemptions from the criminal code gambling definition applied to liquor-licensed premises. Senate Judiciary Committee tapes, April 5, 1984. Thus, the general assembly in passing S.B. 217 expressed its intent to incorporate section 18-10-102(2), C.R.S. (1978) into section 12-47-128(5)(n)(I), C.R.S. (1984 Supp.), the liquor code gambling proscription.
Recently, the Colorado Court of Appeals has approved of a local liquor licensing authority's action in applying the criminal code definition of gambling to determine whether a licensee violated the liquor code proscription of gambling. In Brownlee v.State, 686 P.2d 1372 (Colo.App. 1984), the court of appeals stated that "to ascertain whether (the liquor code proscription of gambling) had been violated, a ruling on what constitutes `gambling' and `gambling device' was necessary. . . . We construe the order of suspension to reflect the intent simply to apply the General Assembly's definitions of gambling . . . to the evidence in order to reach the ultimate conclusion that the plaintiff violated the provisions of section 12-47-128(5)(n), C.R.S. (1978 repl vol. 5)." Thus the court of appeals approved of the application of the criminal code definition of gambling to the liquor code proscription of gambling.
Other principles of statutory construction are triggered by the potential for criminal sanctions for unlawful gambling on liquor licensed premises. Section 12-47-128(5)(n)(II) states that any person who violates any provision of this paragraph (n) (the gambling prohibition) is guilty of a class 4 felony and, upon conviction thereof, shall be punished as provided in section18-1-105, C.R.S. When a regulatory statute imposes criminal or civil sanctions, due process requires that it make reasonably clear to those intended to be affected what conduct is within its scope. People v. Ro'Mar, 192 Colo. 428,559 P.2d 710 (1977). Further, when legislation imposes criminal penalties the courts are committed to strict construction in favor of the citizens and against the state. Cole v.State, 673 P.2d 345 (Colo. 1983). Without resort to the criminal code definition of gambling, the department would be required to define gambling according to the term's plain, ordinary and obvious meaning.
Such interpretation would be inconsistent with the statutory construction principle that words or phrases that have acquired a technical or particular meaning by legislative definition shall be construed accordingly. Section 2-4-101, C.R.S. (1980). A statutory definition supersedes the common law, colloquial, commonly accepted or dictionary definition. It is certainly proper for statutes outside the criminal code to be looked to in ascertaining the definition of an offense and to give meaning to language that appears in a criminal statute. See Nicholsv. State, 653 S.W.2d 768 (Tex.Crim.App. 1981). It should follow that it is equally proper for criminal statutes to be looked to in ascertaining the definition of a violation not otherwise defined in statutes outside the criminal code. The words of a statute furnish the best means of its own exposition. Since the criminal code defines gambling with particularity and exempts "social gambling," unlawful gambling under the liquor code means gambling in accordance with the gambling definition found in the criminal code.
This is especially true where, as here, unlawful gambling under the liquor code, in addition to subjecting a licensee to revocation or suspension of their license, subjects him or her to a more severe penalty than unlawful gambling under the criminal code.[2] Although the department's past reliance upon the common meaning of the term gambling in determining whether a violation of the liquor code has occurred is entitled to great weight, Travelers Indemnity Co. v. Barnes, 191 Colo. 278,552 P.2d 300 (1976), this principle must be balanced against the strict construction requirement for legislation imposing criminal penalties. In other situations, where regulatory agencies have been authorized by statute to adopt rules and regulations and at the same time provided that violation of such rules and regulations were a misdemeanor subject to fine or imprisonment, the courts have struck down such statutes as unlawful delegations of the legislative power to define crimes in violation of article III of the Colorado Constitution.Casey v. People, 139 Colo. 89, 336 P.2d 308 (1959). On balance, it appears that the stronger statutory construction principles require resolving the question in favor of the department applying the definition of gambling found in the criminal code in determining violations of the liquor code proscription of gambling. This construction alleviates the potential problem of unconstitutional construction of the statute. Applying these principles, I conclude that a licensee does not commit the crime at section 12-47-128(5)(n)(II) by permitting social gambling on his liquor-licensed premises consistent with the definition of gambling found in the criminal code.
SUMMARY
In accordance with the above principles of statutory construction, it is my conclusion that the term gambling found in section 12-47-128(5)(n)(I), C.R.S. (1984 Supp.), means the same as the term gambling found in section 18-10-102(2), C.R.S. (1978).
Very truly yours,
 DUANE WOODARD Attorney General
GAMBLING WORDS AND PHRASES STATUTORY CONSTRUCTION LICENSES PENALTIES
Section 12-47-128(5)(n)(I) and (II), C.R.S. (1984 Supp) Section 18-10-102(2), C.R.S. (1978) Section 18-10-103(1), C.R.S. (1978) Section 2-4-101, C.R.S. (1980)
Colo. Const. art. III
REVENUE, DEPT. OF Liquor Enforcement
The term gambling found in section 12-47-128(5)(n)(I), C.R.S. (1984 Supp.) means the same as the term gambling found in section18-10-102(2), C.R.S. (1978).
[1] "Gambling" means risking any money, credit, deposit, or other thing of value for gain contingent in whole or in part upon lot, chance, the operation of a gambling device, or the happening or outcome of an event, including a sporting event, over which the person taking a risk has no control. . . ."
[2] Pursuant to section 18-10-103(1), a person who engages in gambling commits a class 1 petty offense.